[No. 5631.]

## STECK v. PRENTICE.

1. **Corporations—Not for Profit—Mutual Fire Insurance—Annual Statements—Statutory Construction.**

Section 11, c. 52, Sess. Laws 1901, provides that all corporations shall make and file an annual report with the secretary of state and pay the prescribed fee therefor, failure to do which within the time fixed makes their officers and directors liable for all corporate debts contracted during the year next preceding the time when such report should be filed and until it shall be filed, and provides a special filing fee for corporations not for pecuniary profit. Section 1 of the "act" includes a proviso that such "act" shall not apply to corporations not for pecuniary profit, while sections 2 and 10, providing for certain fees, each contains a similar proviso. Held, that, notwithstanding the provision made for the filing fees of annual reports of corporations not for pecuniary profit, by construing the different sections together and taking into consideration the former legislation on the same subject (c. 51, Sess. Laws 1897), it is clear that the legislature did not intend to require such corporations to file an annual statement, and therefore the failure of a mutual fire insurance company, engaged solely in the business of the mutual insurance of the property of its members, to file an annual statement, does not make its directors liable for the debts of the company.—P. 18.

2. **Statutory Construction—Interpretation—Prior Legislation.**

Where there is any doubt about the meaning of an excepting clause in a statute, the court may consider other statutes enacted on the same subject, although some of them are repealed.—P. 20.

3. **Corporations—Officers—Annual Reports—Failure to Make—Penal Statutes—Construction.**

Statutes imposing noncontractual liability on officers of a corporation for failure to file annual reports required by law, are penal in their nature, and must be strictly construed.—P. 21.

*Appeal from the District Court of the City and County of Denver.*

*Hon. Samuel L. Carpenter, Judge.*

Action by B. D. Prentice against James Steck

and other directors of a corporation. From a judgment for plaintiff, defendant Steck appeals.

*Reversed and remanded.*

Mr. JOHN F. MAIL, for appellant.

Messrs. TALBOT, DENISON & WADLEY, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an action against the directors of a corporation to recover the penalty prescribed by the act of 1901 (Sess. Laws 1901, p. 116), for a failure to file an annual report with the secretary of state. From a judgment for plaintiff, one of the defendants, James Steck, appealed. In his brief he relies upon four separate propositions for a reversal of the judgment. In our view only one of them requires consideration, for its decision in his favor compels a reversal of the judgment and a dismissal of the action.

The corporation of which appellant is a director is a mutual fire insurance company, and is not for profit, but was organized and engaged solely in the business of the mutual insurance of the property of its members.

The act which contains this penalty consists of fourteen sections. Section 11 provides that all corporations shall make and file an annual report with the secretary of state and pay the prescribed fee therefor, failure to do which within the time fixed makes their officers and directors jointly, severally, and individually liable for all corporate debts which were contracted during the year next preceding the time when such report should be filed, and until such report shall be made and filed.

The last sentence of the first section of the act reads: "But this act shall not apply to corporations not for pecuniary profit, or corporations organized for religious, educational or benevolent purposes." This language is plain and unambiguous. There seems no room for construction. The appellee, however, contends that since the eleventh section says the fee to be paid for filing an annual report by a corporation not for pecuniary profit shall be one dollar, and sections 2 and 10 each contain a proviso that nothing in those sections shall apply to corporations not for pecuniary profit, the word "act," in the sentence above quoted from section 1, means not the entire "act," but only the particular "section." It is true there are reported cases where, in statutes, "act" has been held to mean "section"; but we do not think such was the meaning in which the word was here employed.

There is no specific requirement in section 11, or in any other portion of the act, that corporations not organized for profit shall file an annual report, and it is only because of the fee prescribed therein for such filing, and the presence of the provisos in sections 2 and 10, that appellee claims that they must do so.

True, the provisos in sections 2 and 10, that neither of those sections shall apply to corporations not for pecuniary profit, are unnecessary if the word "act" in the first section is taken in its ordinary sense; but that circumstance is not conclusive that the general assembly meant "section" when it said "act."

These provisos in sections 2 and 10 are not in conflict with the proviso in section 1. On the contrary, they are in harmony therewith, and, instead of weakening the force of the exception in the opening section, these later provisos, by way of repeti-

tion, tend rather to strengthen it. If there were an irreconcilable conflict between different parts of this act, and if there were no express provision, as there is here, in section 1, that the act itself should not apply to corporations not for pecuniary profit, it might be a case for the enforcement of the rule that between conflicting sections of the same act the later in order of arrangement prevails.

There is another consideration of weight in leading to the conclusion that the act was not intended to apply to a corporation not for pecuniary profit, and those organized for religious, educational and benevolent purposes. Section 11 contains the form which the corporations to which the act is applicable shall follow in making their annual reports. Among others, there are requirements that the amount of the capital stock of the corporation shall be given, the proportion of the capital stock actually paid in, how the same was paid, whether in cash for the purchase of property, or otherwise. These requirements are not applicable to the corporations excepted by the first section, as generally they have no capital stock, and many of them no property. Then, too, after setting forth what the annual report must contain as applicable to corporations in general, there are further requirements for particular corporations, such as those engaged in mining or milling the precious metals; still other requirements for railroad corporations; others still for telegraph and telephone companies; others for corporations engaged in the business of coal mining; and still others for canal, ditch, power and other corporations, engaged in supplying water for irrigation, domestic, mining or power purposes; but nowhere—and this is significant—is there a form or statement adapted to such corporations as are exempted by the first section. If there were any doubt about the meaning of the excepting clause, it

is proper for the court to consider other statutes which the general assembly has enacted upon the same subject, even though some are repealed. The first statute on this subject seems to have been passed in 1897 (Sess. Laws 1897, p. 157), and the same exception found in section 1 of the present act was contained in that of 1897. This tends to show that the intention of the legislature was to include only corporations which are organized for profit.—*Ireland v. Commissioners,* 6 Colo. 280; *Stermer v. Commissioners,* 5 Colo. App. 379.

Statutes imposing noncontractual liability upon officers or stockholders of a corporation for such defaults are penal in their nature and strictly construed. In order to shield one from such liability, these acts should not be rendered meaningless; but they should not be broadened so as to include cases clearly beyond the scope of the legislative intent. It has been the policy of this state to encourage the formation of such organizations as are included in this excepting clause. There is not the same reason for imposing upon their managing officers such liability as is imposed upon officers of corporations organized for the profit of themselves and their stockholders, and we do not believe the general assembly is to be charged with such intention, after having expressly declared that the act should not apply to nonprofit corporations.

The judgment of the district court will, therefore, be reversed, and the cause remanded, with instructions to dismiss the action.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.