FLOWERS, APPELLEE, *v.* THE ROTARY PRINTING CO., APPELLANT.

(Decided April 29, 1940.)

544

Messrs. *Thompson, Hine & Flory* and *Mr. Jerome C. Fisher,* for appellee.

Messrs. *Young & Young,* for appellant.

OVERMYER, J. Plaintiff, appellee herein, brought this action in the Common Pleas Court, seeking a mandatory injunction to require The Rotary Printing Company, a corporation, under the provisions of the General Corporation Act, Sections 8623-1 to 8623-138, General Code, to permit an inspection by him as a stockholder of the books and records of the corporation, which privilege, he alleged, had been denied him. An amended petition was later filed, issue was joined, and on hearing the finding and judgment were for the plaintiff, a mandatory injunction was issued, and, under the provisions of Section 8623-127, General Code, the trial court made a finding and order assessing a net penalty of $950 against the corporation for having refused the demand of the plaintiff.

Defendant, appellant herein, appeals on questions of law, objecting only to the assessment of a penalty, and contends, first, that the refusal of the demand of a stockholder for permission to examine the books and records of the corporation is not one of the things for which the penal provision of Section 8623-127, General Code, may be invoked, and, second, that no legal or proper demand upon the corporation had been made by the plaintiff for such inspection.

The facts involved are not in controversy.

1. The sections of the General Corporation Act (113 Ohio Laws, 413, effective July 24, 1929) here involved, are Sections 8623-63 and 8623-127, General Code. They are as follows:

"Section 8623-63. Every corporation shall keep and maintain adequate and correct accounts of its business transactions, including accounts of its assets, liabilities, receipts, disbursements, gains, losses, stated capital

and shares, together with such particular accounts as are required by this act.

"*The books of account, lists of shareholders, and their addresses, records of the issuance and transfer of shares, voting trust agreements, if any are filed, and the minutes of meetings of every corporation shall be open to the inspection of every shareholder at all reasonable times save and except for unreasonable or improper purposes.*" (Italics ours.)

"Section 8623-127. Every corporation which shall neglect, fail or refuse (*a*) to keep and maintain or cause to be kept and maintained the books of account required by this act to be kept and maintained, or (*b*) to keep minutes of the proceedings of its incorporators, shareholders and directors, or (*c*) to prepare or cause to be prepared and cause to be certified the statement of profit and loss and balance sheet required to be prepared, or (*d*) fail, within three days after request, to mail such statement of profit and loss and balance sheet to any shareholder making request, or (*e*) *to do any act required by this act to be done, shall be subject to a penalty of one hundred dollars ($100) and the further penalty of ten dollars ($10) for every day, beginning three days after written request, that such default shall continue, to be paid to each shareholder making such request, and the right of each shareholder to enforce the payment of any such penalty shall be in addition to all other remedies.* The court in which any action is brought to enforce such penalty may reduce, remit or suspend such penalty on such terms and conditions as it may deem reasonable when it is made to appear that the neglect, failure or refusal was excusable or that the imposition of the penalty would be unreasonable or unjust." (Italics ours.)

It is contended by defendant that the positive acts required to be done by the corporation under Section 8623-127, General Code, and the failure to do which are subject to the penalties therein, are those spoken of

under (a), (b), (c) and (d) of the section; that by the rule *expressio unius est exclusio alterius* the requirements of (e) in the section are not included in the penal clause of the section, because the penal clause is all-inclusive in that section and does not refer to or include any other section of the act. The defendant evidently did not take this view when it filed its answer herein for it pleads as its defense in the answer, the provision of Section 8623-63, General Code, a part of the corporation act, by averring "that the inspection demanded by the plaintiff is for unreasonable and improper purposes," the excuse made available by Section 8623-63, General Code, for a failure to comply with a demand; an allegation, by the way, which the trial court found was not sustained by any evidence, the plaintiff owning 338 shares, being one-fourth of all outstanding stock of the corporation, acquired by him early in 1937 at $200 per share in cash, a total of $67,600.

What is the language of subdivision (e) of Section 8623-127, General Code? It is this:

"Every corporation which shall neglect, fail or refuse * * * (e) to do any act required *by this act* to be done, shall be subject to a penalty * * *." (Italics ours.)

It does not say "required by this section"; it says "by this act." What act? The General Corporation Act of Ohio, certainly. What does that act provide? In a preceding section (Section 8623-63, General Code), it provides "every corporation shall keep and maintain adequate and correct" books, etc. and "the books" etc., "shall be open to the inspection of every shareholder at all reasonable times save and except for unreasonable or improper purposes."

We therefore have a definite duty of the corporation prescribed by one section of the act, a failure to comply with which is specifically brought under the penal pro-

visions, along with other duties, in a later section of the same act.

Subdivision (*a*) of Section 8623-127, General Code, has the same reference to the whole General Corporation Act as is found in subdivision (*e*), as follows:

"Every corporation which shall neglect, fail or refuse (*a*) to keep and maintain or cause to be kept and maintained the books of account *required by this act to be kept and maintained,* or (*b*)," etc. (Italics ours.)

Subdivision (*e*) here involved, says: "or (*e*) *to do any act required by this act to be done,* shall be subject to a penalty," etc. (Italics ours.)

It is the omnibus clause of the section, including all duties not specifically mentioned in (*a*), (*b*), (*c*) and (*d*) and each of these subdivisions from (*a*) to (*e*) relates back to the statement that "every corporation which shall neglect, fail or refuse," etc.

No rule of statutory construction need be applied when there is no ambiguity, inconsistency, obscurity or doubt as to the legislative intent. 37 Ohio Jurisprudence, 557, Section 296. 37 Ohio Jurisprudence, 559, Section 298.

That injunction is the proper remedy, rather than mandamus, for the relief here sought, is decided. *Cincinnati Volksblatt Co.* v. *Hoffmeister,* 62 Ohio St., 189, 56 N. E., 1033, 48 L. R. A., 732. Defendant quotes from the opinion in that case one sentence, appearing on page 197, as authority for its contention that the duty to keep the books open for inspection by stockholders is not a duty which the law specifically enjoins upon the corporation. The quoted sentence is: "This does not call for the performance of an act which the law specifically enjoins." An examination of the opinion clearly shows the author of it was discussing at the moment the remedy of mandamus as being used to compel performance of an act which the law specifically enjoins upon those whom the writ of mandamus can properly reach, *viz.,* those holding a public

office or trust, as against its use in private grievances. See *American Mortgage Co. v. Rosenbaum,* 114 Ohio St., 231, 151 N. E., 122.

2. As to the second complaint, namely, that no proper demand had been made by plaintiff for permission to examine the books, we find from the record that a series of letters passed between plaintiff, personally or by his counsel, and the officers of the corporation and its counsel, beginning May 10, 1938. The first letter of plaintiff, which amounted to a demand requiring compliance, was under date of June 13, 1938. This demand was for permission to examine the books of The Rotary Company and any or all of its subsidiaries. The Rotary Company did not comply with this request, claiming it was not required to do so because the demand included an inspection of the books of subsidiaries, to which, under the law, plaintiff was not entitled. The Rotary Company did not, however, offer to open the books of The Rotary Company to plaintiff, even if its claim as to subsidiaries were correct. It carried on further correspondence with him as to whether the demand "was made as a whole and to be considered as an entirety," to which plaintiff replied by letter of June 17, 1938, that "the demand is made as a whole and is also made and should be considered as made separately as to each item or matter therein contained." Meanwhile, Mr. Doyle, the president and general manager of The Rotary Company, was in Florida and his counsel advised plaintiff he would have to await his return or enter into correspondence with him. Finally, on June 20, 1938, The Rotary Company definitely declined, by a letter which was introduced in evidence, to grant plaintiff's request. On July 1, 1938, plaintiff filed his petition herein, but through delays and interlocutory orders the cause was not heard until November 1939.

Section 8623-63, General Code, placing the duty upon every corporation to keep its books and records open to

the inspection of every shareholder, fixes no time within which a demand for inspection must be made or the form of such demand. It provides only that the appearance of the shareholder to make inspection must be at a reasonable time (*e. g.*, during business hours and not at midnight or on a Sunday), and that the shareholder seeking the inspection be not motivated by "unreasonable or improper purposes," such as shown in the case of *American Mortgage Co.* v. *Rosenbaum, supra*.

Section 8623-127, General Code, the penalty section of the General Corporation Act, provides that the penalties named in the section may be applied by the court beginning three days after written request has been made. The imposition of penalties under this section is, by the language of the section, largely within the discretion of the trial court. In this case, the request not having been complied with, the court assessed the full penalty provided by the terms of the section under the facts shown, amounting to a total of $4,950, then suspended $4,000 of it conditioned upon a compliance with the injunction. From the date of the first request of plaintiff to the mandatory injunction decree was a period of nearly a year and a half, a period of time within which the benefits of a stockholder's inspection might well be wholly lost. Under the record in this case we cannot say that the finding of the trial court and its judgment was unreasonable or an abuse of discretion in the penalty assessed.

The law giving a stockholder in a corporation the right to inspect the books and records is a salutary one, and this court is unwilling to employ any technical or unwarranted construction or interpretation to effect, or that might result in, its abridgement. The intendments and purposes of the sections of the General Corporation Act here involved are clear and unambiguous, and are to be enforced as they read. We pretend no ability to improve on the language of the Supreme Court opin-

ion on this subject appearing in *William Coale Development Co.* v. *Kennedy,* 121 Ohio St., 582, at 585, 170 N. E., 434, and adopt the same as expressive of our views.

The judgment will be affirmed.

*Judgment affirmed.*

LLOYD, J., concurs.
CARPENTER, J., not participating.