[Civ. No. 15750.   First Dist., Div. Two.   Feb. 17, 1954.]

HENRY M. GUNN, Individually and as Superintendent of Palo Alto Unified School District, et al., Respondents, v. STATE BOARD OF EQUALIZATION et al., Appellants.

(Two Cases)

Edmund G. Brown, Attorney General, William M. Bennett, Deputy Attorney General, Di Maria, Di Maria & Daschbach, Philip A. Di Maria, Hardy, Carley & Thompson and Leon A. Carley for Appellants.

Edwin E. Grant for Respondents.

O'DONNELL, J. pro tem.*—These two cases are presented on an agreed statement on appeal (rule 6a of Rules on Appeal), which statement reads in part as follows:

"1. In 1948 the State Board of Equalization issued to Adam A. Schmierer an off-sale license to sell wine and beer (unrestricted as to alcoholic content) at the grocery store operated by Schmierer and located at 2775 Middlefield Road in the City of Palo Alto, County of Santa Clara, State of California. Previous to that time a similar license had been in effect for the prior operator of said store.

"2. Also in 1948 the State Board of Equalization issued to Marie Ehrich and Herman Ehrich an off-sale license to sell wine and beer (unrestricted as to alcoholic content) at the grocery store operated by them and located at 2849 Middlefield Road in said City of Palo Alto.

"3. On the 19th day of September, 1951, petitioners (with the exception of John W. Bodley) filed an accusation with the State Board of Equalization alleging that each of said

*Assigned by Chairman of Judicial Council.

licensees was violating Section 172a of the Penal Code in that they were selling beverages containing more than 3.2% of alcoholic content by weight within one and one-half miles of the campus of Stanford University.

"4. It has been stipulated herein that the premises of each of said licensees are within one and one-half miles of the Stanford University Campus if such distance is measured in a straight line and that neither of said premises is within one and one-half miles of said campus if such distance is measured by following the shortest road or roads connecting the points in question and that Section 172a of the Penal Code applies to the area contiguous to the campus of Stanford University.

"5. After hearings before a hearing officer and before the State Board of Equalization itself, the Board dismissed the accusations on the ground that the measurement of the distance involved should be by the shortest road or roads connecting the points in question.

"6. On March 4, 1952, the petitioners filed two separate petitions in the Superior Court of Santa Clara County for writs of mandate compelling the State Board of Equalization to revoke the said licenses respectively of Mr. Schmierer and of Mr. and Mrs. Ehrich. The petitions were submitted on the record of the proceedings had before the Board, and on December 24, 1952, judgment was entered on each of said petitions in the said Superior Court that a peremptory writ of mandate issue. Each said judgment was based upon the conclusion of the Court that for the purposes of Section 172a of the Penal Code measurement of the distance between the Stanford campus and the licensed premises of Mr. Schmierer and Mr. and Mrs. Ehrich should be in a straight line."

The Board of Equalization, the Ehrichs and Schmierer have appealed from these judgments, and the parties have stipulated that the two appeals may be heard together.

The parties to the appeals are also agreed that the only question presented for decision is this: Is the distance set forth in section 172a of the Penal Code to be measured by straight line, or by the shortest road or roads connecting the points in question?

Penal Code, section 172a, provides: "Every person who, upon or within one and one-half miles of the university grounds or campus, upon which are located the principal administrative offices of any university having an enrollment of more than one thousand students, more than five hundred

of whom reside or lodge upon such university grounds or campus, sells, gives away or exposes for sale, any intoxicating liquor, is guilty of a misdemeanor . . ." The remaining provisions of the section are not pertinent here. The section is completely silent on the method of measurement of the distance of 1½ miles. However, in 1934 in *Board of Trustees of Leland Stanford University* v. *State Board of Equalization,* 1 Cal.2d 784 [37 P.2d 84, 96 A.L.R. 775], the Supreme Court held that the distance designated in section 172a must be measured by straight line.

In 1937 the Legislature amended section *172* of the Penal Code (which section sets limits for the sale of intoxicants near certain public institutions) by adding thereto subdivision 4 which reads: "Distances provided in this *act* shall be measured not by air line but by following the shortest road or roads connecting the points in question." (Italics ours.) Appellants contend that the italicized word "act" refers not to section 172 alone but to the entire Penal Code. They cite three decisions (*Wright* v. *Norwich & N. Y. Transp. Co.,* Fed.Cas. No. 18087 [8 Blatchf. 14]; *Steck* v. *Prentice,* 43 Colo. 17 [95 P. 552]; and *Flowers* v. *Rotary Printing Co.,* 65 Ohio App. 543 [31 N.E.2d 251]) in support of this contention. Those cases are not helpful. There is not the slightest intimation in any of them, that the terms "code" and "act" are synonymous.

In further advancing this contention appellants direct our attention to Penal Code, section 1, reading: "This act shall be known as The Penal Code of California . . .," and to section 24 which states, "This act . . . may be designated simply as The Penal Code . . ." They conclude from that that the terms "act" and "code" are synonymous. Clearly, however, the expression "this act" in sections 1 and 24 refers to the Act of 1872, establishing the Penal Code. "Act" is defined as "A written law, formally ordained or passed by the legislative power of a state; a statute."; while "code" is defined as "A collection or compendium of laws." (Black's Law Dict.)

Had any doubt ever existed as to the meaning of the word "act" in section 172, that doubt was completely dispelled by the enactment in 1951 of Penal Code, section 172b, prohibiting the sale of intoxicants in the vicinity of the University of California at Los Angeles, subdivision 3 of which provides: "Distances provided in this *section* shall be measured not by air line but by following the shortest road or roads

connecting the points in question.'' (Italics added.) This same language also appears in subdivision 3 of Penal Code, section 172d (which section prohibits the sale of intoxicants in the vicinity of the University of California at Riverside), added in 1953. Obviously, were ''act'' and ''code'' synonymous terms, as appellants contend, there would have been no need of subdivision 3 of section 172b or subdivision 3 of section 172d. The conclusion is therefore irresistible that the term ''act,'' as it is employed in subdivision 4 of section 172 refers not to the entire Penal Code but rather to the legislative act of 1937 adding that subdivision to section 172.

Appellants next argue that because sections 172, 172a, 172b, 172d and 172.5 of the Penal Code all deal with the prohibition of the sale of intoxicants in the vicinity of public and educational institutions, they are therefore *in pari materia* and should be given a uniform construction: more specifically, that the same method of measurement should be made applicable to all. However, it is at once apparent from reading these sections that the Legislature was concerned not with uniformity, but with individual circumstances. For example, section 172 alone designates seven distinct perimeters of interdiction for as many different institutions.

While not mentioned in the agreed statement on appeal, counsel on both sides concede that in 1951 the State Board of Equalization, in a case involving the University of Southern California, construed section 172a of the Penal Code as calling for a measurement by road. Appellants then invoke the rule of administrative construction which is thus stated in *Coca-Cola Co.* v. *State Board of Equalization,* 25 Cal.2d 918, 921 [156 P.2d 1]: ''Although not necessarily controlling, as where made without the authority of or repugnant to the provisions of a statute, the contemporaneous administrative construction of the enactment by those charged with its enforcement and interpretation is entitled to great weight, and courts generally will not depart from such construction unless it is clearly erroneous or unauthorized.'' But, as pointed out in *Cullinan* v. *McColgan,* 80 Cal.App.2d 976, 979 [183 P.2d 115]: ''. . . in order to justify construction by either an administrative agency or a court, it must first appear that construction is necessary.'' And, in *California Drive-In Restaurant Assn.* v. *Clark,* 22 Cal.2d 287, 294 [140 P.2d 657, 147 A.L.R. 1028], it is said: ''But where there is no ambiguity and the interpretation is clearly erroneous, such administrative interpretation does not give

legal sanction to a long continued incorrect construction. The administrative interpretation cannot alter the clear meaning of a statute. (Citing authorities.)'' As we have observed above, the term "act" in subdivision 4 of section 172 clearly refers to the legislative act of 1937 adding that subdivision.

■ And, inasmuch as the Stanford case, *supra,* has established a straight line measurement for section 172a, there is no room for administrative construction. "But if its (a statute's) meaning be not doubtful, and the regulations are in conflict with that meaning, they are simply void.'' (*Hodge* v. *McCall,* 185 Cal. 330, 334 [197 P. 86].) Moreover, the fact that the Legislature has amended section 172a twice since the decision in the Stanford case (in 1947 and 1949), but in respects not bearing on the method of measurement, manifests that body's contentment with the method established by that decision. (See *Artukovich* v. *Astendorf,* 21 Cal.2d 329, 334-335 [131 P.2d 831].)

Some comment should be made on appellant's contention that the statement of the court in the Stanford case, *supra,* to the effect that the distance in section 172a should be measured by straight line, is mere dictum. In that case the Board of Equalization had granted a liquor license to the California Pharmacy. The pharmacy was located 0.7 miles from the boundary of the university campus in the usual course of travel (but less in a straight line), and 2.25 miles from the principal administrative offices of the university, along the usual course of travel, but only 1.345 miles from those offices, measured in a straight line. The court said (p. 786): "We are of the view that the distance is to be measured from the campus limits, *and by a direct and straight line.*'' (Italics ours.) The court therefore held that the license granted to the pharmacy was void. Thus it is clear that the court based its decision on two grounds: the point from which the measurement was to be made; and, the method of measurement. ■ "It is well settled that where two independent reasons are given for a decision, neither one is to be considered mere *dictum,* since there is no more reason for calling one ground the real basis of the decision than the other. The ruling on both grounds is the judgment of the court and each is of equal validity.'' (*Bank of Italy* v. *Bentley,* 217 Cal. 644, 650 [20 P.2d 940] ; see, also, *Gilgert* v. *Stockton Port Dist.,* 7 Cal.2d 384, 389 [60 P.2d 847].)

Appellants refer to four decisions of the Pennsylvania county courts approving a rule adopted by the Pennsylvania

Liquor Board which established the shortest road method for the measurement of the area fixed by the Pennsylvania Liquor Control Act for the prohibition of liquor sales. Those cases are: *Barrett's License,* 61 Pa.D.& C. 631; *Betoff's License,* 36 Pa.D.& C. 32; *Elmen's License,* 51 Pa.D.& C. 477; and *Wolff's License,* 58 Pa.D.& C. 178. In view of the decision in the Stanford case, *supra,* those decisions have no weight here.

Finally, appellants contend that section 172a constitutes special legislation and is therefore unconstitutional. This very contention was advanced and rejected in *In re Burke,* 160 Cal. 300 [116 P. 755], which held section 172a to be not violative of either the California Constitution or the United States Constitution.

The judgments are affirmed.

Nourse, P. J., and Dooling, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 14, 1954. Spence, J., did not participate.