WILLIAM J. RAGGIO, District Attorney, Washoe County, Nevada, Petitioner, *v.* RICHARD G. CAMPBELL, DOROTHY DOROTHY, AUSTIN BOWLER, M. E. LUNDBERG, JOE WILLIAMS, Members of the State Board of Parole Commissioners, and JACK FOGLIANI, Warden of the Nevada State Prison, Respondents.

No. 4777

October 6, 1964                    395 P.2d 625

*William J. Raggio,* District Attorney, Washoe County, In Propria Persona.

*Harvey Dickerson,* Attorney General, *C. B. Tapscott,* Deputy Attorney General, and *Samuel B. Francovich,* Special Deputy Attorney General, for Respondents.

# OPINION

By the Court, BADT, C. J.:

This is an original proceeding seeking a writ of prohibition, commenced by the district attorney of Washoe County against the Board of Parole Commissioners and the warden of the state prison. Petitioner asserts that the board granted parole to three persons convicted of second degree murder who had been sentenced to a term of ten years "which may extend to life." NRS 200.030 (4). The parole was granted so as to be effective after the prisoners had served three years, six months, and seventeen days.

Petitioner contends that the provisions of NRS 176.190 control, and deprive the board of any power to parole the three prisoners until they have served the minimum term of ten years, less good behavior time. The section reads as follows:

"The state board of parole commissioners may, at any time after the expiration of the minimum term of imprisonment for which any prisoner was committed thereto, direct that any prisoner confined in the state prison shall be released on parole upon such terms and conditions as in their judgment they may prescribe in each case."

Respondents support the order releasing the prisoners on parole by reason of the provisions of subsection 1 of NRS 213.110, reading as follows:

"1. The board shall have power to establish rules and regulations under which any prisoner who is now or hereafter may be imprisoned in the state prison and who shall have served 1 calendar year, less good time credits, of the term for which he was sentenced and who has not previously been more than three times convicted of a felony and served a term in a penal institution, or who is imprisoned in a county jail, may

be allowed to go upon parole outside of the buildings or inclosures, but to remain, while on parole, in the legal custody and under the control of the board and subject at any time to be taken within the inclosure of the state prison or county jail."

The board, apparently pursuant to the authority of this section, adopted rule No. 8, which originally read as follows: "No one may apply for parole in the State Prison who shall not have served eight (8) months including statutory and work credits." This was thereafter amended, and at the time in question read as follows: "No one may apply for parole in the State Prison who shall not have served six (6) full months."

It may be observed that rule 8 adopted by the board adopts a rule which, negatively expressed, *restricts* eligibility for parole to a prisoner who shall not have served six full months. Even construing this as an affirmative fixing of eligibility for parole to any prisoner who has served a full six months, such authority was not given the board by § 213.110, which restricted the promulgation of a rule as applicable only as applied to a prisoner "who shall have served one calendar year, less good time credits."

Several procedural questions must first be disposed of.

1. Respondents assert that the district attorney of Washoe County is not a "person beneficially interested" and is therefore not authorized to seek a writ of prohibition. We are satisfied, however, that the district attorney of the county is the person peculiarly beneficially interested so as to enable him to seek the writ. He is the public prosecutor. He prosecuted the defendants in the district court as attorney for the State of Nevada. As such attorney he would defend against an appeal from a judgment of conviction. The ultimate result of a conviction is the execution of the penalty— in this case imprisonment for a minimum term of ten years, which might extend to life. If the Board of

Parole Commissioners attempted to release the prisoners on parole and if the warden was about to carry out their order and if this was in violation of the statute, who but the district attorney, as representing the state, would be the person beneficially interested to arrest the threatened release? In State ex rel. Colvin v. Superior Court, 159 Wash. 335, 293 P. 986, 73 A.L.R. 555, the prosecuting attorney was deemed to be a person beneficially interested where he sought to prevent the discharge of the defendant confined as a criminally insane person. We think the same reasoning applies to the instant case.

This conclusion is re-enforced by rule 19 adopted by the board.

"On behalf of an applicant [for parole] who has been convicted of felony, evidence of facts relating to the commission of the crime other than that contained in the record may be presented only by witnesses, who know the circumstances, appearing and testifying under oath, or by depositions or affidavits, *copies of which shall have been served upon the District Attorney* and District Judge of the County in which the indictment was found, at least (30) days before the hearing, unless for good cause shown this time be shortened by the Board." (Emphasis supplied.)

This rule clearly recognizes the right of the district attorney to appear when an applicant desires to present further evidence, before the board, relating to the commission of the crime other than that contained in the record.

Rule 14 requires all oral testimony to be presented under oath, and rule 17 allows a total of 10 minutes to "attorneys in the presentation of each case." Such allowance of time to "attorneys" is not restricted to attorneys for the applicant, but may include the attorney for the state. The district attorney, who prosecuted the case in the trial court, would most assuredly be expected to appear on behalf of the state to cross-examine the witnesses for the parole applicant before the board.

The opposition to the writ on the ground that the

district attorney is not authorized to seek it is without merit.

2. It is next contended that the state Board of Parole Commissioners does not exercise judicial or quasi-judicial power and that its action accordingly may not be arrested by a writ of prohibition. NRS 34.320 expressly makes the writ available not only as against judicial tribunals but also to "any tribunal, corporation, board or person exercising judicial functions, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person."

This court in Van Heukelom v. Nevada State Board of Chiropractic Examiners, 67 Nev. 649, 224 P.2d 313, a proceeding in which the same point was raised, held that the action proposed to be taken by the State Board of Chiropractic Examiners, in revoking a license, was clearly a judicial function. It distinguished the action, in view of its finality, from one which would be advisory in nature. The same situation is true here. The action of the respondents was in no respect advisory but would, unless restrained, result in the actual release of the inmates on parole in violation of the statute and of the minimum sentence imposed by the district court. See Annot., 115 A.L.R. 3; 159 A.L.R. 627; 42 Am.Jur., Prohibition § 14, at 153; 73 C.J.S., Prohibition § 11, at 64; State ex rel. Murphy v. Superior Court, 30 Ariz. 332, 246 P. 1033, 47 A.L.R. 401.

3. It is next contended by the respondents that the writ will not issue except in a clear case of threatened violation of a statutory prohibition, and refers to a letter received by the parole officer from the attorney general, which on its face, would modify the effect of an official opinion of the attorney general, rendered some months prior. The opinion held that the provisions of NRS 213.110, above quoted, do not apply to prisoners who have been sentenced to a minimum term of two or more years. As this is the conclusion to which we have likewise come, it would serve no purpose to discuss either the formal opinion (with which we agree) or

the subsequent letter advising the parole officer that the Board of Parole Commissioners should continue its practice of applying NRS 213.110 to all cases (with which we do not agree).

4. Respondents further support their opposition to the writ on the ground that the respondents have in the years 1959, 1960, 1961, 1962, and 1964 released prisoners on parole after having served less than their minimum sentence, asserting their right so to do, and that this administrative construction and practice should be followed. However, when the administrative practice and construction are clearly erroneous they must not be followed. Such is the case here, particularly as the two sections of the statute to be construed are not, as will hereafter appear, ambiguous. Board of School Trustees v. Bray, 60 Nev. 345, 109 P.2d 274; 82 C.J.S., Statutes § 359(b), at 771; Gunn v. State Board of Equalization, 123 Cal.App.2d 283, 266 P.2d 840. The danger and the fallacy of accepting the administrative interpretation in the present instance is emphasized by the respondents' answer referring to a number of examples of the release of prisoners on parole before the expiration of the minimum term, and refers to action on September 30, 1964, whereunder one prisoner "serving a 'minimum' sentence of ten years to life, * * * was not paroled but was discharged after having served four years and nineteen days, and this discharge became effective July 7, 1964." This was not a release from actual confinement within the prison walls wherein the particular prisoner was still held under parole, but was in effect a commutation of a minimum 10-year sentence to four years and nineteen days. This was not a function of the Board of Parole Commissioners. Conditions governing an application for commutation are governed by NRS 176.490 to 176.520, and the jurisdiction to consider applications for commutation of sentence is vested in the state Board of Pardons Commissioners under NRS 213.010–213.060. The latter group of sections also governs the procedure to be followed, including service of a copy of the application

upon the district attorney. If, then, we are to follow the administrative interpretation, we are faced with an interpretation under which the Board of Parole Commissioners had usurped the authority of the Board of Pardon Commissioners in commuting a sentence.

5. We turn, then, to the two statutes involved. It is not disputed that NRS 176.190 and NRS 213.110 are in pari materia, that they are part of the same statute, and that they must both be given effect if possible. 82 C.J.S., Statutes § 366, at 801, 802–807; People v. Hale, 156 Cal.App.2d 478, 319 P.2d 660; Curtiss-Wright Corp. v. Passaic Valley Water Com., 84 N.J.Super. 197, 201 A.2d 398. Effect can reasonably be given to both of the considered sections by applying NRS 176.190 to those sentences in which a minimum sentence of over one year is prescribed, and the maximum is either definite or indefinite, such as the sentence in the instant case. NRS 213.110 can be given effect by application to sentences in which only a maximum is set, but no minimum. For example, NRS 197.010, dealing with bribery, prescribes a term not to exceed ten years, etc. There are some 46 statutory offenses which set out punishment in the state prison with a set maximum term but with no stated minimum,[1] and some 30 statutory offenses which set punishment in terms of "not less than one year nor more than" some set maximum—three, five, seven, ten, or fourteen years. Thus NRS 213.110 can be applied to sentences under such sections, while still applying NRS 176.190 to offenses where the minimum is set for a term in excess of one year.

State ex rel. Murphy v. Superior Court, 30 Ariz. 332, 246 P. 1033, is directly in point. Under a similar statute as that here considered, the court said: "The Legislature having provided for a minimum and a maximum term of sentence, it certainly accords with reason to assume that it had a purpose in so doing. If the

---

[1] Under NRS 176.180(2) "[w]here no minimum term of imprisonment is prescribed by law, the court shall fix the *minimum* term in its discretion at not less than 1 year nor more than 5 years * * *." (Emphasis supplied.)

Legislature intended that the board of pardons and paroles could release a prisoner at any time after commitment to the state prison, why did it not provide for the maximum sentence only? For, if petitioners' contention is correct, there would be no reason for a minimum sentence, as it could be ignored by the board. The reason and the language of the legislation can point to but one conclusion, and that is that a prisoner sentenced to an indeterminate sentence should at all events serve the minimum thereof."

The adoption of the interpretation relied upon by respondents would make ineffective so many sections of the indeterminate sentence law in felony convictions that the whole matter of indeterminate sentence would be left in the greatest confusion. As against this, the interpretation that we adopt is not only a recognition of the clear intention of the legislature, but is in all respects logical.

The alternative writ of prohibition heretofore issued is hereby made permanent.

McNAMEE and THOMPSON, JJ., concur.