JOHN L. BONNENFANT, APPELLANT, v. SHERIFF OF WASHOE COUNTY, NEVADA, RESPONDENT.

No. 5367

February 21, 1968                    437 P.2d 471

*Breen and Young,* and *David R. Hoy,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, *Herbert F. Ahlswede,* and *Virgil D. Dutt,* Deputy District Attorneys, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Prior to arraignment appellant filed a petition for a writ of habeas corpus with the district court contending that he had been denied his right to a speedy trial. The trial court, after a hearing, denied the application for the writ, and the appellant appeals from that order.

The appellant was first arrested on February 8, 1965 upon the charge of burglary in the first degree. At about the same time the arresting officers determined that the motor vehicle in which the appellant was a passenger was a stolen vehicle, and also arrested the appellant on the charge of "Grand Theft of an Automobile." Bail was fixed on this charge at $2,500 and the appellant was released upon the posting of bail.

The state proceeded to trial against the appellant on the burglary charge and obtained a conviction. The appellant was sentenced to the Nevada State Prison upon the conviction of burglary, but was released from the penitentiary upon a writ of habeas corpus granted January 5, 1966. The State appealed from the order granting the writ of habeas corpus, but thereafter voluntarily dismissed the appeal on August 12, 1966.

The State then attempted to retry the appellant on the charge of burglary. The original indictment on the burglary charge against the appellant was dismissed.

A second indictment on the burglary charge was found and the appellant was again arrested on November 1, 1966. No arraignment, trial or other proceedings were apparently had upon this second indictment.

A third indictment on the charge of burglary was returned by the Washoe County Grand Jury on January 27, 1967, and this third indictment served as the basis for another arrest of the appellant on January 28, 1967.

The appellant thereupon petitioned the Second Judicial District Court for a writ of habeas corpus releasing him from the charge of burglary on the ground that he had been denied his right to a speedy trial. The State stipulated that the writ could be granted and an order granting the writ was entered February 27, 1967.

On February 27, 1967, a complaint was filed against the appellant charging him with taking a motor vehicle without consent, a violation of NRS 205.272. A preliminary hearing was held for the appellant on that charge on March 27, 1967, whereupon he was bound over to district court, and on April 10, 1967 an information was filed against the defendant charging him with a felony under NRS 205.272(3).[1]

The record is devoid of any allegations or evidence of a prior conviction suffered by appellant in violation of NRS 205.272, consequently he could only be charged with the commission of a gross misdemeanor.

NRS 171.090 provides: "An indictment for any misdemeanor must be found, or an information or complaint filed, within 1 year after its commission."

Clearly the statute of limitations had run against the gross misdemeanor charge at the time this case was filed, and when raised in defense below will require dismissal of this case. Accordingly, we decline to consider the speedy trial issue raised here and remand the matter.

---

[1]NRS 205.272(3). "Any person who assists in, or is a party to or an accomplice in, any such unauthorized taking or driving shall also be guilty of a gross misdemeanor or, if previously convicted of so assisting or being a party or accomplice, shall be guilty of a felony."