KENNETH EDWARD SHEPLEY, Appellant, *v.* WAR-
DEN, NEVADA STATE PRISON, Respondent.

No. 7215

February 7, 1974                    518 P.2d 619

*Gary A. Sheerin,* State Public Defender, Carson City, for
Appellant.

*Robert List,* Attorney General, Carson City; and *Michael
Fondi,* District Attorney, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Kenneth Edward Shepley, appellant, was convicted of first-
degree burglary on a plea of guilty and sentenced to from 1
to 15 years in the Nevada State Prison. The crime was com-
mitted on February 16, 1967, in Carson City, Nevada, and in
March of that same year the Nevada Legislature amended the
burglary statute, NRS 205.060, by reducing the maximum
penalty for first-degree burglary from 15 to 12 years. Shepley
was sentenced on May 12, 1967, and the amendment to NRS
205.060 became effective July 1, 1967.

In May 1968, the Nevada State Board of Parole Commis-
sioners considered appellant's eligibility for parole. At the

hearing thereon, a representative of the Carson City District Attorney's office appeared, testified, and presented evidence against granting parole to appellant. Appellant's request for parole was subsequently denied by the Parole Board.

Thereafter, appellant filed his petition for writ of habeas corpus, alleging as error the imposition of a sentence for a maximum term of 15 years in light of the amended statute and the presence of a member of the District Attorney's office at the parole hearing. We find both contentions to be without merit, and we affirm the decision of the lower court.

1. The amendment to NRS 205.060 became effective July 1, 1967. Stats. Nev. 1967, ch. 211, § 701, at 667. Until that date, the former provisions of the statute remained in force. Moreover, there is no indication that the Legislature intended the amendment to apply retroactively. Tellis v. State, 84 Nev. 587, 445 P.2d 938 (1968); Fitch v. Elko County, 8 Nev. 271 (1893). Since appellant's offense and his conviction therefor occurred prior to the effective date of the amendment to NRS 205.060, the provisions of the amendment do not apply to that offense and conviction. NRS 193.130(1).

2. Raggio v. Campbell, 80 Nev. 418, 395 P.2d 625 (1964), is dispositive of the second issue propounded by appellant. This court held therein that the District Attorney is a "person beneficially interested" in the parole proceedings. Thus, the presence of a representative of the Carson City District Attorney's office at appellant's parole hearing did not interfere with appellant's constitutional rights.

Accordingly, we affirm the order of the lower court.