THE STATE OF NEVADA, APPELLANT, *v.* ALPHONSE MEROLLA, ALPHONSE MICHAEL MEROLLA, ROBERT P. AMIRA, HENRY MOTTA AND JOSEPH COLOMBO, JR., RESPONDENTS.

No. 14024

August 24, 1984                                           686 P.2d 244

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Appellant.

*Howard Ecker,* Las Vegas, for Respondents Merolla, Merolla, Motta and Colombo.

*Charles M. Damus,* Las Vegas, for Respondent Amira.

---

## OPINION

*Per Curiam:*

The state appeals from an order dismissing an indictment charging respondents with one count of conspiracy, a gross misdemeanor, and fifteen counts of obtaining money under false pretenses, a felony. For the reasons hereinafter set forth, we affirm the order as to the conspiracy count, reverse as to the

remaining counts, and remand this matter to the district court for further proceedings.

The indictment alleged that between January 1 and August 1, 1980, respondents conspired to obtain money under false pretenses from the Dunes Casino. Pursuant to their conspiracy, respondents allegedly conspired to present air travel tickets to casino cashiers, and to represent the tickets as those of select casino patrons entitled to cash reimbursements for their air fare in return for their patronage. The indictment alleged that respondents' representations were false, that the tickets had not been used for air travel and the persons named in the tickets were not patrons entitled to air fare reimbursement, and that respondents fraudulently obtained cash reimbursements from the Dunes with the assistance of respondent Amira, a casino employee. Count I of the indictment alleged the conspiracy; Counts II through XVI alleged, in considerable detail, fifteen felony counts of obtaining money under false pretenses, each offense involving a specific cash reimbursement for specific air travel tickets.

Respondents moved to dismiss the indictment in its entirety, arguing that the conspiracy count was barred by the statute of limitations and that the felony counts should be dismissed because of a certain alleged defect in the grand jury proceedings. The district court granted the motion and dismissed the indictment.

The state contends that the district court erred by dismissing the conspiracy count as barred by the statute of limitations. We disagree. The state alleged that the conspiracy took place between January 1 and August 1, 1980. During that time the statute of limitations for gross misdemeanors was one year from the date of commission of the offense, under the provisions of NRS 171.090 then in effect. *See* Bonnenfant v. Sheriff, 84 Nev. 150, 437 P.2d 471 (1968). Because the last date of commission of the alleged conspiracy was August 1, 1980, the conspiracy charge had to have been filed to later than August 1, 1981. The indictment in this case was not filed until September 18, 1981; the conspiracy charge was thus filed beyond the one-year period of limitations. The state contends, however, that a subsequent amendment to NRS 171.090, extending the statute of limitations, applies to this case and permits the charge.

Effective July 1, 1981, before the original one-year limitations period expired, the legislature amended NRS 171.090 and extended the statute of limitations for gross misdemeanors to two years. The state argues that this amendment applies retroactively to the alleged 1980 conspiracy, and extends the period of limitations well beyond the date the charge was filed. We

conclude, however, that the 1981 amendment to the statute cannot be construed to apply retroactively to offenses committed before its effective date.

Before the statute of limitations for a criminal offense expires, a legislature may amend the statute and extend the limitations period without violating the ex post facto clause. *See* Falter v. United States, 23 F.2d 420 (2nd Cir.), *cert. denied,* 277 U.S. 590 (1928). The question presented by this case, however, is not whether the legislature had the power to extend the statute of limitations retroactively, but whether the legislature actually intended to do so by enacting the 1981 version of NRS 171.090. The amended statute is silent on the question of its retroactive application.

Generally, a statute must be construed to have only prospective effect, unless a contrary legislative intent is clearly indicated by the express terms of the statute. *See* Hassett v. Welch, 303 U.S. 303 (1938); *see also* Shepley v. Warden, 90 Nev. 93, 518 P.2d 619 (1974). Moreover, criminal statutes of limitations are to be liberally construed in favor of the accused. Toussie v. United States, 397 U.S. 112, 114-15 (1970). In light of these considerations, it has been held that an amendment to a criminal statute of limitations, silent on the question of its retroactive application, must be construed as prospective only and cannot apply to an offense committed before its effective date. United States v. Richardson, 393 F.Supp. 83 (W.D.Pa. 1974), *aff'd,* 512 F.2d 105 (3rd Cir. 1975).

We agree with the *Richardson* rationale, and hold that absent an express legislative intent to the contrary, an amendment extending the period of limitations for a criminal offense operates prospectively only. Consequently, the conspiracy charge against respondents was governed by the one-year statute of limitations; since the charge was filed after the expiration of the one-year limitations period, it was properly dismissed by the district court.[1]

---

[1]We have considered and rejected the state's argument that the broad scope of the 1981 amendment is somehow indicative of a legislative intent of retroactive application. We also reject the state's argument that even if the applicable limitations period is one year, NRS 171.095 tolled the running of the statute of limitations. NRS 171.095 provides that when an offense is committed in a "secret manner," the limitations period is tolled until the "discovery" of the crime. The conspiracy in this case was

The state also contends that the district court erred by dismissing the fifteen felony counts of obtaining money under false pretenses. We agree and reverse this portion of the order of dismissal.

The district court based its dismissal on the following colloquy that occurred between the prosecutor and the forewoman of the grand jury at the conclusion of deliberations:

> THE FOREWOMAN: Mr. District Attorney, by a vote of 12 jurors, a true bill has been returned against the defendants Alphonse Merolla, Alphonse Michael Merolla, Robert P. Amira, Henry Motta, and Joseph Colombo, Jr. The charge is the crime of conspiracy to obtain money under Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, and XVI, all under the name of obtaining money under false pretenses.
>
> You are instructed to prepare an indictment and submit it to us.
>
> MR. O'NEALE [district attorney]: Madam Foreman [sic] Count I of the proposed indictment is conspiracy; the remaining counts of obtaining money under false pretenses.
>
> THE FOREWOMAN: Okay. Count I, conspiracy, and the remaining counts is [sic] obtaining money under false pretenses.

The district court apparently agreed with respondents' contention that this statement evidenced a failure of the grand jury to concur on the fifteen felonies, and in fact suggested they actually concurred on sixteen counts of gross misdemeanor conspiracy. On the state of this record, respondents' position is without merit.

The record reveals, and the parties agree, that during the presentation of the state's case the grand jurors had before them a copy of the proposed indictment, alleging one count of conspiracy and fifteen felony counts of obtaining money under false pretenses. The questions posed by the grand jurors during the presentation indicate their familiarity with the contents of the proposed indictment. The evidence presented was clearly focused on the commission of fifteen substantive offenses and

arguably committed in a "secret manner." During the time the conspiracy was allegedly committed and arguably discovered, however, NRS 171.095 applied only to felonies and misdemeanors. It was amended in July of 1981 to include gross misdemeanors within its purview. Since gross misdemeanors were excluded from the tolling statute at all times relevant to the alleged conspiracy, the state may not avail itself of its provisions.

one conspiracy, not sixteen separate conspiracies. We conclude, as the state contends that the forewoman of the grand jury merely misspoke herself and was duly corrected by the prosecutor. At the conclusion of the quoted colloquy, the forewoman did not dispute that the grand jury concurred on the fifteen felony offenses. Moreover, when the forewoman returned the indictment in open court, she represented to the district judge that the indictment, including the fifteen felony counts, accurately reflected the product of the grand jury's deliberations.

In light of these facts, we find no merit to respondents' position that the record does not show the grand jury concurred on the felony charges.[2] We therefore conclude that the district court's dismissal of these counts was error.

The order dismissing the indictment is affirmed as to Count I, the conspiracy count, and reversed as to Counts II through XVI, the remaining felony counts. This matter is remanded to the district court with instructions to reinstate the indictment, without the conspiracy charge, and to conduct further proceedings thereon.

---

[2]Respondents argue that the brevity of the period of grand jury deliberation adds support to their position. This argument is meritless. The brevity of deliberation, under the facts of this case, does not suggest in any way a lack of understanding of the contents of the proposed indictment, or of the thrust of the evidence presented.