JOHN WITHEROW, APPELLANT, *v.* THE STATE OF NEVADA BOARD OF PAROLE COMMISSIONERS; DORLA M. SALLING; J. ALLEN; T. GOODSON; JON MORROW; AND SUSAN McCURDY, RESPONDENTS.

No. 42387

September 20, 2007

167 P.3d 408

---

[Rehearing denied October 31, 2007]

*Donald York Evans*, Reno, for Appellant.

*Catherine Cortez Masto*, Attorney General, *Joseph L. Ward Jr.*, Chief Deputy Attorney General, and *Kelly S. Werth*, Deputy Attorney General, Carson City, for Respondents.

Before the Court EN BANC.

## OPINION

By the Court, DOUGLAS, J.:

Appellant John Witherow is an inmate in state prison. After he was denied parole, he filed a complaint against respondent, the State of Nevada Board of Parole Commissioners, alleging that the Board had violated the Nevada Open Meeting Law, NRS Chapter 241, in connection with his parole hearing. The district court concluded that the Board is not subject to the Open Meeting Law when conducting parole hearings.

On appeal, Witherow argues that the district court erred as a matter of law in its interpretation of the Open Meeting Law. We

conclude that the Open Meeting Law does not apply to parole hearings because the hearings are quasi-judicial proceedings. As a result, we affirm the district court's order.

## FACTS AND PROCEDURAL HISTORY

Witherow applied for parole before the Nevada Board of Parole Commissioners in 2002. The Board then sent notice to Witherow of his upcoming parole hearing; this notice also provided a general agenda for the hearing. The agenda, however, did not denote a period for public comment. Nevertheless, Witherow invited his mother and sister to attend his parole hearing. Although his mother and sister traveled to Nevada from out-of-state to attend, apparently at great inconvenience and expense, the Board did not allow public comment at the hearing, and Witherow's mother and sister allegedly were not allowed to speak in support of Witherow's application for parole. Subsequently, the Board denied Witherow's parole application.

Witherow consequently filed a proper person complaint against the Board, seeking declaratory and injunctive relief. In his complaint, Witherow primarily alleged that (1) the Board's notice and agenda for the parole hearing failed to specify a period for public comment and discussion of agenda items; (2) the Board refused to allow public comment at the parole hearing; and (3) as a result, the Board violated the Open Meeting Law, and thus, the actions taken by the Board on Witherow's parole application at the parole hearing were void, entitling Witherow to a new hearing on his parole application. The Board moved to dismiss Witherow's action.

The district court, after reviewing pertinent case law and analyzing the Open Meeting Law's legislative history, concluded that the Open Meeting Law did not apply to parole hearings because the hearings were quasi-judicial in nature. Accordingly, the court granted the Board's motion to dismiss Witherow's claims with prejudice, and subsequently, Witherow appealed.

## DISCUSSION

*Standard of review*

NRCP 12(b)(5) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." But, when the court considers matters outside the pleadings, the court must treat the motion as one for summary judgment.[1] And, if the district court considers matters outside of the pleadings, this court reviews the dismissal order as though it were an order granting

---

[1]NRCP 12(b).

summary judgment.[2] This court reviews an order granting summary judgment de novo.[3]

In granting the Board's motion to dismiss with prejudice, the district court considered matters outside of the pleadings. Therefore, we review the order dismissing Witherow's complaint de novo, as if it granted summary judgment.

A district court must grant summary judgment "when the pleadings and other evidence on file [when reviewed in a light most favorable to the nonmoving party,] demonstrate that no 'genuine issue as to any material fact [remains] and that the moving party is entitled to a judgment as a matter of law.' "[4] A genuine issue of material fact exists, precluding summary judgment, when a reasonable jury could return a verdict for the nonmoving party.[5]

*The Open Meeting Law*

The Legislature has specifically declared its intent in adopting the Open Meeting Law: "[i]n enacting this chapter, the Legislature finds and declares that all public bodies exist to aid in the conduct of the people's business. It is the intent of the law that their actions be taken openly and that their deliberations be conducted openly."[6] To ensure that public bodies take actions and deliberate openly,[7] the Open Meeting Law requires that public bodies "give the public clear notice of the topics to be discussed at public meetings so that the public can attend a meeting when an issue of interest will be discussed."[8] Public bodies must post public notices of their meetings[9] and must also give notice of their meetings "to any person who has requested notice."[10] The notice must include an agenda that denotes a period for public comment.[11]

---

[2]*Coblentz v. Union Welfare Fund*, 112 Nev. 1161, 1167, 925 P.2d 496, 499 (1996).

[3]*Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005).

[4]*Id.* (quoting NRCP 56(c) (alteration in original)).

[5]*Kopicko v. Young*, 114 Nev. 1333, 1336, 971 P.2d 789, 790 (1998).

[6]NRS 241.010. Under NRS 241.015(3), a "public body" is defined as

any administrative, advisory, executive or legislative body of the State or a local government which expends or disburses or is supported in whole or in part by tax revenue or which advises or makes recommendations to any entity which expends or disburses or is supported in whole or in part by tax revenue, including, but not limited to, any board, commission, committee, subcommittee or other subsidiary thereof.

[7]NRS 241.020(1).

[8]*Attorney General v. Board of Regents*, 119 Nev. 148, 155, 67 P.3d 902, 906 (2003); *see also* NRS 241.020(2).

[9]NRS 241.020(3)(a).

[10]NRS 241.020(3)(b).

[11]NRS 241.020(2)(c)(3).

However, the Legislature has specifically exempted judicial proceedings from the Open Meeting Law's requirements—NRS 241.030(4)(a) provides that NRS Chapter 241 does not "[a]pply to judicial proceedings." Further, this court recently held that "[a] quasi-judicial proceeding is sufficiently akin to a judicial proceeding to render it exempt from the open meeting law."[12] The exemption extends to quasi-judicial proceedings to ensure that traditionally judicial and quasi-judicial functions are not burdened by the requirements of the Open Meeting Law.

The question presented here is whether parole hearings are quasi-judicial proceedings that are exempt from the Open Meeting Law.

Witherow argues that exceptions to the Open Meeting Law must be narrowly construed, and that unless the Legislature expressly exempts an agency from the Open Meeting Law or unless a judicial or quasi-judicial exception applies, the "rule of publicity" governs.[13]

In response, the Board argues that the Open Meeting Law does not apply to parole hearings because parole hearings are quasi-judicial proceedings that are subject to the judicial exception. Further, the Board points to a recent Nevada Attorney General opinion to support its position.[14]

NRS 213.130 specifically governs parole hearings. That statute currently provides, among other things, that parole hearings must be open to the public, that victims must receive written notice of upcoming hearings for relevant prisoners if they so request, and that victims must be allowed to submit documents and testify at the relevant prisoner's parole hearing. But, neither NRS 213.130[15] nor any provisions in NRS Chapter 241 expressly exempts parole hearings from the Open Meeting Law. And, since parole hearings are held by a public body, such hearings fall within the Open Meeting Law's purview over public body meetings. Further, unless a statutory exception applies to the Open Meeting Law, the rule of

---

[12]*Stockmeier v. State, Dep't of Corrections*, 122 Nev. 385, 390, 135 P.3d 220, 223 (2006).

[13]*See McKay v. Board of Cty. Comm'r*, 103 Nev. 490, 493, 746 P.2d 124, 125-26 (1987).

[14]Nev. Att'y Gen., Open Mtg. Law Op. 2004-18 (May 12, 2004) (concluding that the Board is not subject to the Open Meeting Law when conducting parole hearings because the Board is acting as an arm of the judiciary).

[15]Although a specific statute will supersede a conflicting general statute, *Lader v. Warden*, 121 Nev. 682, 687, 120 P.3d 1164, 1167 (2005), a strict reading of NRS 213.130 does not necessarily foreclose the application of many Open Meeting Law provisions. Still, NRS 213.130(5) currently states that the Board may deliberate in private after the public meeting, which seems to contradict a primary Open Meeting Law purpose.

publicity governs.[16] Nevada's statutory provisions created a latent ambiguity as to whether (1) the Open Meeting Law was intended to govern parole hearings, (2) NRS 213.130 was intended to solely govern parole board hearings in place of the Open Meeting Law, or (3) the parole board must comply with both laws to the extent they can be harmonized. This ambiguity as to whether the Open Meeting Law applies to parole hearings, however, has been clarified in recent amendments to NRS 213.130.

During the 2007 legislative session, the Legislature passed S.B. 471, which amended the language in NRS 213.130.[17] The amended language provides that parole release hearings "are quasi-judicial" yet open to the public and that "[n]o rights other than those conferred pursuant to this section or pursuant to specific statute concerning meetings to consider prisoners for parole are available to any person with respect to such meetings."[18] Although this amendment is not effective until October 1, 2007, S.B. 471 is evidence of the Legislature's intent to treat parole hearings as quasi-judicial proceedings that are exempt from the Open Meeting Law.[19]

### Stockmeier v. State, Department of Corrections

In answering the question before us, we address a potential conflict with recent precedent set by this court. In a 2006 case, *Stockmeier v. State, Department of Corrections*,[20] we addressed whether the Open Meeting Law applied to the Nevada Department of Corrections' Psychological Review Panel's hearings. The purpose of a psychological review panel hearing is to certify a prisoner's eligibility for parole. The psychological review panel, like the Board, is governed by NRS Chapter 213.[21]

In *Stockmeier*, we concluded that quasi-judicial proceedings were exempt from the Open Meeting Law but that psychological

---

[16]When the Legislature intends to make exceptions to the rule of publicity, it does so specifically by statute. *McKay*, 103 Nev. at 492, 746 P.2d at 125.

[17]2007 Nev. Stat., ch. 528, §§ 10.5, 17, at 3261-62, 3265.

[18]*Id.* § 10.5, at 3261. S.B. 471 also affords prisoners additional rights, including: (1) reasonable notice of their upcoming parole hearings, (2) the option of having a representative appear and speak on their behalf at their own expense, (3) the right to appear in person and speak, and (4) the right to written notice of the Board's decision. *Id.* at 3262.

[19]*See In re Christensen*, 122 Nev. 1309, 1319, 149 P.3d 40, 47 (2006) (" 'Where a former statute is amended, or a doubtful interpretation of a former statute rendered certain by subsequent legislation, it has been held that such amendment is persuasive evidence of what the Legislature intended by the first statute.' " (quoting *Sheriff v. Smith*, 91 Nev. 729, 734, 542 P.2d 440, 443 (1975))).

[20]122 Nev. 385, 135 P.3d 220 (2006).

[21]*See* NRS 213.1214.

review panel certification hearings are not quasi-judicial proceedings.[22] We explained that "[a]t a minimum, a quasi-judicial proceeding must afford each party (1) the ability to present and object to evidence, (2) the ability to cross-examine witnesses, (3) a written decision from the public body, and (4) an opportunity to appeal to a higher authority."[23] We noted that the administrative tribunals in *Van Heukelom v. State Board*[24] and *Knox v. Dick*,[25] " 'act[ed] in a quasi-judicial capacity [because they] afford[ed] the parties substantially the same rights as those available in a court of law, such as the opportunity to present evidence, to assert legal claims and defenses, and to appeal from an adverse decision.' "[26] In contrast, in *Stockmeier*, we concluded that psychological review panels did not afford inmates the basic protections available in a court of law during their hearings. Accordingly, we concluded that psychological review panel hearings were not quasi-judicial proceedings and, consequently, they were not exempt from the Open Meeting Law.[27]

However, *Stockmeier* is not applicable here. Unlike psychological review panel hearings, parole hearings are specifically governed by NRS 213.130. Because the Legislature intended that parole hearings are quasi-judicial proceedings, and, as of October 1, 2007, that NRS 213.130 and related statutes provide the exclusive rights to "any person" with respect to parole hearings, any rights flowing from the Open Meeting Law do not extend to parole hearings.

*Parole board release hearings are quasi-judicial proceedings*

In addition to legislative intent, this court has previously held that parole boards perform a judicial function when releasing prisoners on parole.[28] Many other jurisdictions have concluded that parole hearings are quasi-judicial proceedings for purposes of immu-

---

[22]122 Nev. at 390-92, 135 P.3d at 223-25.

[23]*Id.* at 391-92, 135 P.3d at 224.

[24]67 Nev. 649, 655-56, 224 P.2d 313, 316 (1950) (declaring that a medical license revocation hearing was a quasi-judicial proceeding because it afforded the basic protections of a trial).

[25]99 Nev. 514, 518, 665 P.2d 267, 270 (1983) (concluding that Clark County Personnel Grievance Board hearings "are conducted in a manner consistent with quasi-judicial administrative proceedings" because they afford the "taking of evidence only upon oath or affirmation, the calling and examining of witnesses on any relevant matter, impeachment of any witness, and the opportunity to rebut evidence presented against the employee").

[26]122 Nev. at 390, 135 P.3d at 223-24 (quoting *Town of Richmond v. Wawaloam Reservation*, 850 A.2d 924, 933 (R.I. 2004) (alteration in original)).

[27]*Id.* at 392, 135 P.3d at 224-25.

[28]*Raggio v. Campbell*, 80 Nev. 418, 423, 395 P.2d 625, 627 (1964).

nity from liability.[29] Although those jurisdictions have dealt with the quasi-judicial nature of parole hearings in a different context than presented here, we see no reason to differentiate the analysis for the limited purposes of this appeal.

For example, in *Sellars v. Procunier*, the Ninth Circuit held that parole officers are entitled to quasi-judicial immunity when they decide to grant, deny, or revoke parole.[30] The Ninth Circuit concluded that when determining whether an official is entitled to quasi-judicial immunity, courts cannot look solely to the official's title or station but must also look to the official's function.[31]

Looking to the Board's function at parole hearings, its discretionary decision in granting or denying parole is akin to the trial court's decision to grant or deny probation.[32] Thus, parole boards have traditionally performed quasi-judicial functions in this jurisdiction and in many others. We see no reason to depart from our prior case law or the persuasive authority from other jurisdictions, and we conclude that the Board acts in a quasi-judicial capacity when it decides to grant, deny, or revoke parole. Parole hearings involving such determinations are quasi-judicial proceedings that are exempt from the Open Meeting Law.

Because the Board's parole hearings are quasi-judicial proceedings that are not subject to the Open Meeting Law, we conclude that the Board need not comply with the requirements of NRS Chapter 241 when conducting parole hearings. Thus, the

---

[29]*See, e.g., Kim v. Walker*, 256 Cal. Rptr. 223, 227 (Ct. App. 1989) (concluding that parole officials are statutorily immune from suit while making discretionary decisions in revoking parole), *rejected on other grounds by State v. Superior Court (Bodde)*, 90 P.3d 116 (Cal. 2004); *State v. Mason*, 724 P.2d 1289, 1291 (Colo. 1986) (acknowledging that members of parole board are entitled to immunity for quasi-judicial acts such as granting, denying, or revoking parole); *Andrews v. Florida Parole Com'n*, 768 So. 2d 1257, 1262 (Fla. Dist. Ct. App. 2000) (concluding that the Florida parole commission "functions in a quasi-judicial capacity in carrying out its duties under the [parole] statute[s]"); *Hartford v. Hartford*, 803 N.E.2d 334, 339 (Mass. App. Ct. 2004) (recognizing that parole revocation hearings are quasi-judicial proceedings); *Semkus v. State*, 708 N.Y.S.2d 288, 289 (App. Div. 2000) (concluding that "[d]eterminations pertaining to parole and its revocation . . . are deemed strictly sovereign and quasi-judicial in nature"); *Vest v. Easley*, 549 S.E.2d 568, 572-73 (N.C. Ct. App. 2001) (concluding that state parole boards perform quasi-judicial functions and are immune from negligence claims); *Taggart v. State*, 822 P.2d 243, 248 (Wash. 1992) (noting that the parole board's decisions regarding parole and parole revocation are discretionary and protected by quasi-judicial immunity).

[30]641 F.2d 1295, 1302-03 (9th Cir. 1981).

[31]*Id.* at 1301-03 (citing *Butz v. Economou*, 438 U.S. 478, 512-17 (1978)).

[32]*Sullivan v. Smith*, 925 So. 2d 972, 975 (Ala. Civ. App. 2005) (observing that decisions to grant or deny parole or probation are not appealable because the parole board and the trial court have complete discretion to grant or deny parole or probation, respectively).

district court properly granted summary judgment on Witherow's claims.[33]

## CONCLUSION

We conclude that parole hearings conducted by the Nevada Board of Parole Commissioners are exempt from the Open Meeting Law because the hearings are quasi-judicial proceedings. Accordingly, we affirm the district court's order.

GIBBONS, PARRAGUIRRE, CHERRY and SAITTA, JJ., concur.

HARDESTY, J., with whom MAUPIN, C. J., agrees, concurring in part and dissenting in part:

While I concur with the majority that parole hearings are exempt from the Open Meeting Law, I would take this opportunity to overrule *Stockmeier v. State, Department of Corrections*,[1] and the test it established to determine whether a panel qualifies as a quasi-judicial proceeding under the judicial exception to the Open Meeting Law.

In *Stockmeier*, we recognized that quasi-judicial proceedings, like judicial proceedings, are exempt from the Open Meeting Law.[2] We then concluded that the psychological review panel's hearings are not quasi-judicial proceedings because the panel does not provide certain due process safeguards, such as the ability to present evidence and the right to cross-examine witnesses.[3] Our decision in *Stockmeier* thus framed the definition of ''quasi-judicial proceeding'' in terms of whether the hearing entity provides certain, ''minimum'' due process safeguards.

### Conflict with the Open Meeting Law

By equating quasi-judicial proceedings with any proceeding that offers due process protections, the *Stockmeier* holding eviscerates the purpose of the Nevada Open Meeting Law. The Open Meeting Law exists to make certain that public bodies undertake actions and deliberations openly, because ''all public bodies exist to aid in the conduct of the people's business.''[4] The Legislature defined ''public body'' broadly to include nearly all governmental entities other

---

[33]Witherow takes issue with the district court's failure to timely decide a plethora of Witherow's motions. In light of our holding today, we conclude that these contentions are without merit.

[1]122 Nev. 385, 135 P.3d 220 (2006).

[2]*Id*. at 390, 135 P.3d at 223; *see also* NRS 241.030(4)(a) (explicitly exempting judicial proceedings from the Open Meeting Law).

[3]*Stockmeier*, 122 Nev. at 391-92, 135 P.3d at 224-25.

[4]NRS 241.010.

than the Legislature.[5] This definition seeks to ensure public access to a variety of governmental proceedings where determinations affecting the public are made. However, pursuant to *Stockmeier*, any public body may implement modest due process protections to qualify as quasi-judicial and thereby exempt itself from the requirements of the Open Meeting Law.

By defining quasi-judicial proceedings as any that provide due process protections, the *Stockmeier* holding creates an absurd result by permitting public bodies to easily circumvent the Open Meeting Law.[6] Entities such as the Public Utilities Commission, the Nevada Interscholastic Association, the Board of Architecture, the Board of Dental Examiners, county planning commissions, county boards of commissioners, the state Chiropractic Physicians' Board, and the state Board of Equalization are free to claim exemption from the Nevada Open Meeting Law simply upon the adoption or utilization of basic due process protections.

### The judicial function test

The majority concludes that parole hearings are quasi-judicial because the Board performs a quasi-judicial function.[7] The majority's holding is thus compatible with the well-recognized judicial-function test adopted by many other jurisdictions. I believe that we should adopt this test and overrule *Stockmeier*, to the extent that it relies solely on the existence of minimum due process safeguards to determine whether an entity performs a quasi-judicial function.

This court has previously recognized that it is the entity's performance of judicial or quasi-judicial functions that controls the determination of whether administrative proceedings before that entity are quasi-judicial in nature.[8] Several other jurisdictions have also looked to the function of a particular hearing entity to deter-

---

[5]NRS 241.015(3) defines "public bodies" as follows:

> Except as otherwise provided in this subsection, "public body" means any administrative, advisory, executive or legislative body of the State or a local government which expends or disburses or is supported in whole or in part by tax revenue or which advises or makes recommendations to any entity which expends or disburses or is supported in whole or in part by tax revenue, including, but not limited to, any board, commission, committee, subcommittee or other subsidiary thereof and includes an educational foundation as defined in subsection 3 of NRS 388.750 and a university foundation as defined in subsection 3 of NRS 396.405. "Public body" does not include the Legislature of the State of Nevada.

[6]*General Motors v. Jackson*, 111 Nev. 1026, 1029, 900 P.2d 345, 348 (1995) ("A statute should always be construed to avoid absurd results.").

[7]*See* majority opinion *ante* p. 312.

[8]*Raggio v. Campbell*, 80 Nev. 418, 423, 395 P.2d 625, 627 (1964) (holding that parole boards perform a quasi-judicial function when releasing prisoners on parole).

mine whether administrative proceedings before that entity are quasi-judicial in nature.[9] In these cases, courts have recognized that proceedings before a hearing entity are quasi-judicial if the entity performs a judicial function.[10]

As recognized by the majority, in *Sellars v. Procunier*, for example, the Ninth Circuit Court of Appeals concluded that parole officials have absolute immunity from suits by prisoners for actions taken in relation to parole applications.[11] The Ninth Circuit reasoned that courts must "look not just to the title of a state or federal official, or to his or her location within the bureaucratic superstructure, but to the official's function as well in determining the question of immunity."[12] The Ninth Circuit then noted that in deciding whether to grant, deny, or revoke parole, parole officials perform "functionally comparable tasks" to judges and, thus, are entitled to immunity.[13] As indicated, several other jurisdictions take a comparable view, specifically in regard to parole hearings.[14]

The court's holding today, coupled with our refusal to recognize hearings conducted by the psychological review panel as quasi-judicial proceedings, yields an incongruous result. The Parole Board is exempt from the Open Meeting Law, yet the psychological review panel, which provides predicate recommendations to the Parole Board,[15] is not.[16] This result is especially curious because,

---

[9]*See, e.g., Kim v. Walker*, 256 Cal. Rptr. 223, 227 (Ct. App. 1989) (parole officials enjoy statutory immunity from suit regarding parole decisions when they exercise their discretion in fulfilling their duties), *rejected on other grounds by State v. Superior Court (Bodde)*, 90 P.3d 116 (Cal. 2004); *State v. Mason*, 724 P.2d 1289, 1291 (Colo. 1986) (parole board members perform "essential judicial" functions in making parole decisions); *Andrews v. Florida Parole Com'n*, 768 So. 2d 1257, 1262 (Fla. Dist. Ct. App. 2000) (parole board conducts quasi-judicial functions in carrying out its statutory duties); *Vest v. Easley*, 549 S.E.2d 568, 572 (N.C. Ct. App. 2001) (parole board members perform quasi-judicial functions).

While these cases involve the quasi-judicial nature of parole hearings in the context of immunity from suit rather than exemptions to open meeting laws, I, like the majority, "see no reason to differentiate the analysis for the limited purposes of this appeal." *See* majority opinion *ante* p. 312. Ironically, the majority cites these cases to support its position that parole boards "perform a judicial function when releasing prisoners on parole"—a position with which I agree. *See* majority opinion *ante* p. 311-12 & n.29.

[10]*See* cases cited *supra* note 9.

[11]641 F.2d 1295, 1302 (9th Cir. 1981).

[12]*Id.* at 1302-03 (citing *Butz v. Economou*, 438 U.S. 478, 512-17 (1978)).

[13]*Id.* at 1303.

[14]*See* cases cited *supra* note 9.

[15]*See* NRS 213.1214(1).

[16]Under NRS 213.1214(1), the psychological review panel is arguably not even a panel per se, but rather three individuals qualified to make recommendations on parole for a certain class of offenders.

under the statutory framework, the psychological review panel is not even required to meet regularly in a manner that would invoke the Open Meeting Law.[17] Surely such an inconsistency should be resolved, but this cannot occur until we overrule *Stockmeier*. Accordingly, for the reasons stated above, I respectfully concur in part and dissent in part.