An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSEPH L. MIZZONI,
Appellant,
vs.
CERT OFFICER MATT BAUMAN;
OFFICER ELLIOT BURLEIGH;
DIRECTOR OF NURSING SERVICES,
JOSEPH BRACKBILL; NURSE GLORIA
CARPENTER; OFFICER
CHRISTOPHER DAVIS; DOCTOR
WILLIAM DONELLY; ASSOCIATE
WARDEN ADAM ENDEL; CERT
OFFICER ROBERT GARDNER;
LIEUTENANT TONY JONES;
WARDEN E.K. MCDANIEL; NURSE
DONITA MELLON; OFFICER RONNIE
MONTOYA; SERGEANT THOMAS
PRINCE; SENIOR OFFICER DEONA
BARRY; SERGEANT ROD LIGHTSEY;
LIEUTENANT ARTHUR NEAGLE;
LIEUTENANT JOHN MESSICK;
OFFICER KENNETH POLLACK;
SENIOR OFFICER ORRILLO;
DIRECTOR HOWARD SKOLNIK;
OFFICER CRAIG BYBEE; OFFICER
CURTIS RIGNEY; OFFICER JASON
COSTNER; SENIOR OFFICER DANIEL
SCHMIDT; PHYSICIAN'S ASSISTANT
MAX CARTER; AND CASE WORKER
CASSANDRA LARGE,
Respondents.

No. 62911

**FILED**

JAN 1 5 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

15-01729

SUPREME COURT
OF
NEVADA

(O) 1947A

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court summary judgment in a civil rights action.[1] Seventh Judicial District Court, White Pine County; Miriam Shearing, Judge.

This court reviews de novo whether the district court properly granted summary judgment. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). "Summary judgment is appropriate . . . when the pleadings and other evidence on file demonstrate that no genuine issue as to any material fact remains and that the moving party is entitled to a judgment as a matter of law." *Id.* (internal quotation and alteration omitted). In opposing summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the operative facts." *Id.* at 732, 121 P.3d at 1031 (internal quotation omitted).

Having considered appellant's pro se appeal statement, respondents' response, and appellant's reply,[2] we conclude that the district court properly granted summary judgment on all of appellant's claims with respect to all respondents. As for appellant's Eighth Amendment claims relating to excessive force during the March 5, 2007, incident and the November 6, 2007, incident, the district court viewed the videotape of

---

[1]Although the district court purported to dismiss several of appellant's claims under NRCP 12(b)(5), the district court relied on matters outside of the pleadings in adjudicating those claims. Accordingly, we construe the entirety of the appealed order as an order granting summary judgment. *See Witherow v. Bd. of Parole Comm'rs*, 123 Nev. 305, 307-08, 167 P.3d 408, 409 (2007).

[2]Because appellant's January 2, 2015, motion to respond and object does not seek relief from this court, we construe that filing as a reply to respondents' response. Accordingly, no further action needs to be taken with regard to that document.

those incidents and concluded that appellant's recollection of those incidents was "belied by the videotape." Accordingly, we conclude that summary judgment was proper as to appellant's Eighth Amendment excessive-force claims.[3]

As for appellant's Eighth Amendment claims relating to inadequate medical treatment, the district court properly concluded that no questions of material fact existed as to whether respondents were deliberately indifferent to appellant's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). As the district court's order reflects, consideration of these claims was made difficult due in large part to appellant's failure to clearly identify a specific "serious medical need" that he believed was being deliberately ignored. At best, appellant points to an allegedly fractured rib that respondents refused to x-ray for 22 months. The district court concluded, however, that evidence in the record demonstrated that appellant received an x-ray within a month of the alleged rib fracture and a follow-up x-ray that revealed no fracture. Accordingly, we agree with the district court's conclusion that appellant failed to demonstrate a genuine issue of material fact as to whether respondents were deliberately indifferent to a serious medical need. *Wood*, 121 Nev. at 732, 121 P.3d at 1031.

As for appellant's claims regarding unsanitary conditions, the district court properly determined that no Eighth Amendment violation occurred. Importantly, appellant does not contend that *all* of the water in

---

[3]To the extent that appellant contends that excessive force was used on him in his caseworker's office at the beginning of the March 5, 2007, incident, we conclude that even under appellant's version of events, that force was not inflicted "maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (internal quotation omitted).

his cell was shut off at any point in time—only that his toilet was shut off for four days, or that the cold water for his sink was shut off for seventeen days. Thus, we agree that this conduct does not rise to the level of an Eighth Amendment violation.[4] *See Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314-15 (9th Cir. 1995) (summarizing the types of prison conditions that have amounted to an Eighth Amendment violation).

Finally, as for appellant's claim regarding an alleged due process violation, the district court properly granted summary judgment based on the conclusion that appellant did not have a protected liberty interest in remaining free from segregated confinement. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) ("[D]iscipline in segregated confinement [does] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."). In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.[5]

_____, J.
Parraguirre

_____, J.        _____, J.
Douglas                                          Cherry

---

[4]Similarly, because respondents shut off appellant's water only in response to appellant's disruptive conduct, summary judgment was proper as to appellant's claim for intentional infliction of emotional distress. *Maduike v. Agency Rent-A-Car*, 114 Nev. 1, 4, 953 P.2d 24, 26 (1998) (recognizing that such a claim requires the plaintiff to establish that the defendant's conduct was "outside all possible bounds of decency" and was "utterly intolerable in a civilized community" (internal quotations omitted)).

[5]We have considered appellant's remaining arguments on appeal and conclude that they do not warrant reversal of the appealed order.

cc: Hon. Miriam Shearing, Senior Justice
Joseph L. Mizzoni
Attorney General/Carson City
White Pine County Clerk