An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DANIELLE IORIO, AN INDIVIDUAL, Appellant, vs. CHECK CITY PARTNERSHIP, LLC D/B/A CHECK CITY, Respondent. | No. 64180 |
| DANIELLE IORIO, AN INDIVIDUAL, Appellant, vs. CHECK CITY PARTNERSHIP, LLC D/B/A CHECK CITY, INCLUSIVE, Respondent. | No. 64365 |

**FILED**

MAY 2 9 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

These are consolidated appeals challenging a district court order dismissing a tort action based on unfair debt collection and a post-judgment order awarding attorney fees and costs as a sanction. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant Danielle Iorio argues on appeal that the district court erred in granting respondent Check City Partnership's motion to dismiss, and that the district court abused its discretion in granting Check City's motion for sanctions pursuant to NRCP 11 and awarding attorney fees pursuant to NRS 18.010(2)(b). We disagree.

*The district court did not err by granting Check City's motion to dismiss, or alternatively, its motion for summary judgment*

Check City moved to dismiss Iorio's complaint pursuant to NRCP 12(b)(5), or alternatively, for summary judgment pursuant to NRCP 56(c). Following a hearing on the motion, the district court found "no genuine issue of material fact," and concluded that Iorio "fail[ed] to state a

15-16384

claim upon which relief may be granted" and dismissed her complaint pursuant to NRCP 12(b)(5). Iorio argues that the district court's decision was in error because Check City violated NRS 604A.415 and invaded Iorio's privacy.

Dismissing a complaint pursuant to NRCP 12(b)(5) is appropriate "only if it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief." *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008). However, if matters outside the pleadings are considered, this court reviews a dismissal order as though it were an order granting summary judgment. *Witherow v. State Bd. of Parole Comm'rs*, 123 Nev. 305, 307-08, 167 P.3d 408, 409 (2007); *see also* NRCP 12(b). Summary judgment must be granted when the pleadings and evidence in the record "demonstrate that no genuine issue as to any material fact [remains] and that the moving party is entitled to a judgment as a matter of law." *Witherow*, 123 Nev. at 308, 167 P.3d at 409 (alteration in original) (internal quotations omitted). "A genuine issue of material fact exists . . . when a reasonable jury could return a verdict for the nonmoving party." *Id.*

Here, the district court considered matters outside the pleadings when it granted Check City's motion to dismiss, or alternatively, for summary judgment. Accordingly, we review the district court's order dismissing Iorio's complaint as though it granted summary judgment.

*Iorio has failed to demonstrate that Check City violated NRS 604A.415*

Chapter 604A of the Nevada Revised Statutes regulates short term lending in Nevada. When a licensed lending institution's customer defaults on a loan and the licensee attempts to collect the debt owed, the

"licensee must act in accordance with and must not violate sections 803 to 812, inclusive, of the federal Fair Debt Collection Practices Act, as amended, 15 U.S.C. §§ 1692a to 1692j, inclusive." NRS 604A.415(1). The parties do not dispute that Check City is a licensed lending institution under NRS 604A. The Fair Debt Collection Practices Act (FDCPA) defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts . . . ."[1] 15 U.S.C. § 1692a(6) (2012).[2]

Iorio first contends that Check City violated 15 U.S.C. §§ 1692c(a)(1) and 1692c(a)(3) of the FDCPA by contacting her at her place of employment after she orally revoked her prior consent to be contacted there. If a debt collector has the consent of the consumer or a court's express permission, the debt collector can contact the consumer at an unusual time or place known to be inconvenient or at the consumer's place of employment. 15 U.S.C. §§ 1692c(a)(1), (3) (2012). A violation occurs if the debt collector does not have the consumer's consent or the express permission of a court of competent jurisdiction. *Id.* at § 1692c(a). In addition, a consumer must notify the debt collector in writing if the consumer wishes to terminate communications from a debt collector. *Id.* at § 1692c(c).

---

[1]A person "may include labor organizations, partnerships, associations, corporations, legal representatives, trustees, trustees in bankruptcy, or receivers." *Black's Law Dictionary* 1142 (6th ed. 1990).

[2]Check City asserts that it is not a debt collector as defined by the FDCPA but acknowledges that it is still subject to the FDCPA pursuant to NRS 604A.415(1), which explicitly mandates that licensed lending institutions are subject to 15 U.S.C. §§ 1692a to 1692j.

The record clearly demonstrates that Iorio entered into a loan agreement with Check City authorizing Check City to communicate with third parties regarding her debt and to contact her at work. However, there is no indication in the record that Iorio notified Check City in writing to cease communications at her workplace. As a result, Iorio has failed to demonstrate that Check City violated § 1692c(a)(1) or § 1692c(a)(3).

Iorio also contends that Check City made misleading legal threats in violation of 15 U.S.C. § 1692e(5), and that its failure to identify itself as a debt collector in communications violated § 1692e(11). "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e (2012). Section 1692e(5) prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken."

Here, Check City contacted Iorio at work on three occasions. On each occasion, the caller left a voicemail message for Iorio identifying herself and stating that she was with Check City. On the third occasion, Check City's representative left a message stating that "[i]f [she did] not hear from [Iorio] by 5 PM," she would "forward [the matter] to the attorney's office on Monday." After receiving no response to this voicemail message from Iorio, Check City filed its complaint within approximately six weeks after leaving the allegedly misleading voicemail message. Because Check City could, and in fact did, take legal action against Iorio pursuant to NRS 604A.415(1) and (2), Iorio has also failed to demonstrate that Check City violated § 1692e(5).

Pursuant to § 1692e(11), a debt collector violates the FDCPA when it fails to disclose "that the debt collector is attempting to collect a

debt and that any information obtained will be used for that purpose . . . [and/or] that the communication is from a debt collector." However, explicitly excluded from the FDCPA's definition of "debt collector" is "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A) (2012). A creditor is "any person who offers or extends credit creating a debt or to whom a debt is owed." *Id.* at § 1692a(4).

Here, while Check City may not be a debt collector as defined by the FDCPA, it does meet the FDCPA's definition of a creditor. As such, we conclude that Check City's employees were attempting to collect a debt "in the name of the creditor." *Id.* at 1692a(6)(A).[3]

---

[3]Moreover, even if Check City's employees failed to disclose that they were calling to collect a debt for Check City, Iorio was not an unsophisticated consumer who reasonably would not have known what these calls were about. Pursuant to *McCollough v. Johnson, Rodenburg & Lauinger, LLC,* 637 F.3d 939, 952 (9th Cir. 2011), "[t]he FDCPA measures a debt collector's behavior according to an objective 'least sophisticated debtor' standard, . . . ensur[ing] that the FDCPA protects all consumers, the gullible as well as the shrewd, the ignorant, the unthinking, and the credulous." (internal quotations omitted). However, "even the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994) (internal quotations omitted).

Here, Iorio entered into a loan contract with Check City and then wrote three checks to Check City to pay back loans she took out pursuant to the contract. After the checks were dishonored by Iorio's bank, Check City immediately demanded repayment from Iorio by sending her notices for the returned checks. Because Iorio is the person who entered into the loan contract with Check City, wrote three checks payable to Check City to pay back loans obtained pursuant to the contract, and those checks were returned by Iorio's bank to Check City, she knew or should have known that Check City was calling to collect a debt. In addition, at the time she entered into the loan contract with Check City, Iorio was employed as a

*continued on next page...*

*Iorio did not sufficiently demonstrate that Check City invaded her privacy by intrusion upon seclusion*

Iorio next argues that she had a reasonable expectation of privacy at her place of employment because she orally revoked her previous consent to be contacted at work. We disagree.

In order for an individual to bring a claim for invasion of privacy based on intrusion upon seclusion, the individual must show: "1) an intentional intrusion (physical or otherwise); 2) on the solitude or seclusion of another; 3) that would be highly offensive to a reasonable person." *PETA v. Bobby Berosini, Ltd.*, 111 Nev. 615, 630, 895 P.2d 1269, 1279 (1995), *overruled on other grounds by City of Las Vegas Downtown Redev. Agency v. Hecht*, 113 Nev. 644, 650, 940 P.2d 134, 138 (1997).

As discussed above, Iorio consented to be contacted at work when she entered into the loan contract with Check City, and this consent was not revoked in writing as required under 15 U.S.C. § 1692c(c). Accordingly, she did not have a reasonable expectation of privacy at her place of work. In addition, Iorio does not address the third element— whether Check City's actions would be "highly offensive to a reasonable person," *PETA*, 111 Nev. at 630, 895 P.2d at 1279, and we thus do not consider whether this element has been met. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (stating that this court need not consider claims that are not cogently argued or supported by relevant authority). Since Iorio has failed to prove

---

*...continued*

processor by a consumer debt relief law firm in the firm's loan modification department. Accordingly, any claim that Check City violated the FDCPA during its phone calls to Iorio at her place of work by failing to fully identify itself as a debt collector is without merit.

each of the three required elements, we conclude that her claim for invasion of privacy based on intrusion upon seclusion fails.

Because Iorio has failed to demonstrate that Check City violated NRS 604A.415, or sufficiently prove her claim for invasion of privacy based on intrusion upon seclusion, the district court correctly found that Iorio failed to put forth any facts that would entitle her to relief. We therefore conclude that the district court did not err in granting Check City's motion for summary judgment pursuant to NRCP 56(c).

*The district court did not abuse its discretion by granting Check City's motion for Rule 11 sanctions and for attorney fees pursuant to NRS 18.010(2)(b)*

This court reviews a district court's decision to award attorney fees pursuant to NRCP 11 and NRS 18.010(2)(b) for an abuse of discretion. *Bergmann v. Boyce*, 109 Nev. 670, 674-76, 856 P.2d 560, 563-64 (1993). A district court abuses its discretion when it acts "in clear disregard of the guiding legal principles." *Id.* at 674, 856 P.2d at 563.

Iorio argues that because her claims are meritorious and were not filed for any improper purpose, the district court abused its discretion by imposing Rule 11 sanctions against her and awarding attorney fees to Check City pursuant to NRS 18.010(2)(b). We disagree.

"NRCP 11 sanctions should be imposed for frivolous actions." *Bergmann*, 109 Nev. at 676, 856 P.2d at 564. In order to determine whether a claim is frivolous, the district court must conduct a two-pronged analysis: "(1) the court must determine whether the pleading is well grounded in fact and is warranted by existing law or a good faith

argument for the extension, modification or reversal of existing law;[4] and (2) whether the attorney made a reasonable and competent inquiry." *Id.* (internal quotations and citation omitted). Additionally, if a district court imposes sanctions, it must describe the conduct it determined violated NRCP 11 and "explain the basis for the sanction imposed." NRCP 11(c)(3).

Before reaching its decision in this case, the district court thoroughly reviewed the parties' pleadings and conducted hearings on both Check City's motion to dismiss and its motion for sanctions and attorney fees, giving the parties an adequate opportunity to present the merits of their case. *See Baldonado v. Wynn Las Vegas, LLC*, 124 Nev. 951, 967-68, 194 P.3d 96, 106 (2008) (stating that the appropriateness of attorney fees awarded pursuant to NRS 18.010(2)(b) "requires the court to inquire into the actual circumstances of the case").

Moreover, at the hearing on its sanctions motion, Check City presented evidence showing that its attorney requested on more than one occasion that Iorio's attorney explain the legal basis for his client's claims against Check City because those claims did not appear to be well grounded in existing law. Check City even went so far as to warn Iorio's attorney that it would file a motion for sanctions and attorney fees since Iorio's claims were not warranted by law. As Check City pointed out, the

---

[4]Attorney fees awarded pursuant to NRS 18.010(2)(b) requires an analysis similar to this first prong. *See Baldonado v. Wynn Las Vegas, LLC*, 124 Nev. 951, 967, 194 P.3d 96, 106 (2008) (stating that attorney fees are appropriate under NRS 18.010(2)(b) if the court "finds that a claim was frivolous or brought or maintained without reasonable ground or to harass the prevailing party"); *see also* NRS 18.010(2)(b) (permitting an award of attorney fees to the prevailing party "when the court finds that the claim . . . was brought or maintained without reasonable ground or to harass the prevailing party").

law firm representing Iorio holds itself out as specializing in consumer debt relief, and, as such, Iorio's attorney should have been familiar with the requirements of NRS 604A.415 and the FDCPA. There is no indication in the record to illustrate that Iorio's attorney ever provided a satisfactory response; rather, he simply referred Check City back to the general allegations in Iorio's complaint.

We conclude that the district court conducted the proper two-prong analysis, and that the court's decision to grant Rule 11 sanctions and award attorney fees to Check City pursuant to NRS 18.010(2)(b) was not an abuse of discretion, especially in light of its proper order granting summary judgment.[5]

Accordingly, for the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[5]Iorio also contends that the district court's order is deficient because it does not provide a basis for the sanctions as required by NRCP 11(c)(3); however, we conclude that this argument is without merit. The district court specifically concluded that Check City was entitled to Rule 11 sanctions because Iorio's complaint was "not supported by existing law and was presented for an improper purpose." The court further concluded that Check City was entitled to attorney fees pursuant to NRS 18.010(2)(b) because Iorio's complaint was "filed without reasonable grounds and to harass" Check City.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Douglas Smith, District Judge
Janet Trost, Settlement Judge
Haines & Krieger, LLC
Bailey Kennedy
Holland & Hart LLP/Las Vegas
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A