An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

CHERYL PIERCE,
Appellant,
vs.
CANYON GATE MEDICAL GROUP,
LLC, A NEVADA LIMITED LIABILITY
COMPANY; OUTCOME BASED
DELIVERY SYSTEMS, LLC, A
FLORIDA LIMITED LIABILITY
COMPANY; OUTCOME BASED
DELIVERY SYSTEMS MANAGEMENT,
LLC, A FLORIDA LIMITED LIABILITY
COMPANY; OUTCOME BASED
DELIVERY SYSTEMS OPERATING
COMPANY, LLC, A FLORIDA LIMITED
LIABILITY COMPANY; OUTCOME
BASED DELIVERY SYSTEMS IPA,
LLC, A FLORIDA LIMITED LIABILITY
COMPANY; OUTCOME BASED
DELIVERY SYSTEMS AQUISITION
COMPANY, LLC, A FLORIDA LIMITED
LIABILITY COMPANY; HEALTHCARE
PARTNERS NEVADA, LLC, A NEVADA
LIMITED LIABILITY COMPANY; AND
HEALTHCARE PARTNERS MEDICAL
GROUP (BACCHUS), LLC, A NEVADA
CORPORATION,
Respondents.

No. 65832

FILED

DEC 2 3 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a declaratory relief action. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-39451

Appellant Cheryl Pierce appeals the district court's order granting respondent Canyon Gate Medical Group, LLC's (CGMG)[1] motion to dismiss pursuant to NRCP 12(b)(5). The district court dismissed the declaratory relief action because it found that the case was not appropriate for declaratory relief.[2] We agree.[3]

*Standard of review*

If matters outside the pleadings are considered in NRCP 12(b)(5) motions, "this court reviews the dismissal order as though it were an order granting summary judgment." *Witherow v. State Bd. of Parole Comm'rs*, 123 Nev. 305, 307-08, 167 P.3d 408, 409 (2007); *see also* NRCP 12(b). Summary judgment must be granted when the pleadings and evidence in the record "demonstrate that no genuine issue as to any material fact remains and that the moving party is entitled to a judgment as a matter of law." *Witherow*, 123 Nev. at 308, 167 P.3d at 409 (internal quotations omitted). Orders granting summary judgment are reviewed de novo. *Id.*

Here, although the district court dismissed the action pursuant to NRCP 12(b)(5), it held a hearing on the motion, indicating

[1]There are multiple respondent parties named in this appeal but only CGMG filed an answering brief. This appears to be because "CGMG metamorphosed into various entities" over the years. The parties do not dispute that CGMG employed Ronald Sparling, M.D. at the time of this incident. Accordingly, we collectively refer to the respondents as CGMG.

[2]The district court also determined that the claim was barred by the applicable statute of limitations. Because of our decision regarding declaratory relief, we do not reach the statute of limitations question.

[3]Because both parties are familiar with the facts in this case, we discuss them only when necessary for the disposition's outcome.

that matters outside the pleadings were considered. Accordingly, we review this order as one granting summary judgment.

*Declaratory relief is not appropriate*

Pierce requested that the district court determine whether CGMG's liability as an employer under NRS 41.130 for damages in a separate medical malpractice suit against Dr. Sparling is subject to the statutory damage cap of $350,000 under NRS 41A.035. Declaratory relief is available pursuant to NRS 30.040, which states in relevant part that

> [a]ny person interested under a deed, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

NRS 30.040(1). While Pierce's request is arguably a determination of statutory construction, declaratory relief is also subject to NRS 30.080 and this court's previous jurisprudence.

Under NRS 30.080, a district court may refuse to enter a declaratory judgment if it "would not terminate the uncertainty or controversy giving rise to the proceeding." This court has also held that declaratory relief is only available when

> (1) a justiciable controversy exists between persons with adverse interests, (2) the party seeking declaratory relief has a legally protectable interest in the controversy, and (3) *the issue is ripe for judicial determination. Knittle v. Progressive Cas[.] Ins. Co.*, 112 Nev. 8, 10, 908 P.2d 724, 725 (1996). However, whether a determination in an action for declaratory judgment is proper is a matter for the *district court's discretion and will*

*not be disturbed on appeal unless the district court*
*abused that discretion.*

*Cty. of Clark, ex rel., Univ. Med. Ctr. v. Upchurch*, 114 Nev. 749, 752, 961 P.2d 754, 756 (1998) (emphases added).

The question before this court is whether "the issue is ripe for judicial determination." *Id.* In *Upchurch*, we concluded that a declaratory relief action was appropriate because "resolution of the [damages] issue may end the controversy between the parties and could save them from undergoing a lengthy and expensive trial." *Id.* at 753, 961 P.2d at 757. Here, Pierce brought a medical malpractice suit against Dr. Sparling. CGMG was not named as a tortfeasor in that lawsuit, and Pierce makes it clear that she does not intend to bring a tort claim against CGMG. Instead, Pierce filed a separate declaratory relief action against CGMG, arguing that CGMG is vicariously liable to Pierce for all damages awarded in Dr. Sparling's negligence case, and the damages cap of $350,000 under NRS 41A.035 is not applicable to CGMG. We find that unlike *Upchurch*, where this court determined that "resolution of the issue will likely end the controversy," 114 Nev. at 752, 961 P.2d at 757, resolution of the declaratory relief sought against CGMG will not end the controversy between Pierce and CGMG.

Additionally, in *Knittle*, this court determined that if a plaintiff's rights against a defendant in a declaratory relief action are "contingent on her successful litigation of a pending tort suit," a plaintiff cannot assert a "legally protectable interest creating a justiciable controversy ripe for declaratory relief." 112 Nev. at 11, 908 P.2d at 726. Here, Pierce's rights against CGMG are contingent on her suit against Dr. Sparling. Accordingly, we agree with the district court's conclusion that this issue is not ripe for judicial determination. Any such declaration

would constitute an advisory opinion. *Id.; cf. Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010) ("This court's duty is not to render advisory opinions but, rather, to resolve actual controversies by an enforceable judgment.").

We conclude that the district court did not err in determining that the action should be dismissed because the case was not appropriate for declaratory relief. Accordingly, there is no genuine issue of material fact, and CGMG is entitled to judgment as a matter of law. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:   Hon. Nancy L. Allf, District Judge
Stephen E. Haberfeld, Settlement Judge
Eckley M. Keach, Chtd.
Thomas & Springberg, P.C.
Murdock & Associates, Chtd.
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
Kravitz, Schnitzer & Johnson, Chtd.
Eighth Judicial District Court Clerk