# IN THE SUPREME COURT OF THE STATE OF NEVADA

OHFUJI INVESTMENTS, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
NATIONSTAR MORTGAGE, LLC, A
DELAWARE LIMITED LIABILITY
COMPANY,
Respondent.

No. 72676

FILED

MAR 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court final judgment in a declaratory relief action and from a post-judgment award of attorney fees.[1] Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

Having considered the parties' arguments and the record, we conclude that the district court properly granted summary judgment on all three claims asserted in appellant's first amended complaint.[2] *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's decision to grant summary judgment); *Witherow v.*

_____

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

[2]Although the district court purported to strike the first amended complaint, the district court's February 24, 2017, order makes clear that it ruled on the merits of all three claims in the first amended complaint.

18 - 10326

*State, Bd. of Parole Comm'rs*, 123 Nev. 305, 307-08, 167 P.3d 408, 409 (2007) (recognizing that a motion to dismiss should be treated as a motion for summary judgment when the district court considers matters outside the pleadings).

With respect to appellant's first claim, respondent introduced unrefuted evidence that appellant was mailed the notice of trustee's sale.[3] While appellant suggests that the district court improperly treated respondent's motion to dismiss as a motion for summary judgment by considering this evidence, appellant did not raise this argument in district court, *see Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court . . . is deemed to have been waived and will not be considered on appeal."), nor has appellant explained how it was prejudiced by the district court's decision to do so. Accordingly, with respect to appellant's first claim, we conclude that it is not reversible error for the district court to have treated respondent's motion to dismiss as a motion for summary judgment. Nor is reversal warranted simply for the district court to include a factual finding that appellant was, in fact, mailed the notice of sale, as it is clear from the July 28, 2016, hearing transcript why the district court granted summary judgment on appellant's first claim. *See Elizondo v. Hood Machine, Inc.*, 129 Nev. 780, 785, 312 P.3d 479, 483 (2013) (indicating that remand may be appropriate when a procedurally defective order "precludes adequate review").

---

[3]Appellant was not entitled to be mailed the notice of default because appellant's interest in the property was not recorded at the time the notice of default was mailed. *See SFR Invs. Pool 1, LLC v. First Horizon Home Loans*, 134 Nev., Adv. Op. 4, 409 P.3d 891, 893-94 (2018) (recognizing that a party conducting a nonjudicial foreclosure sale is not required to re-mail an already-mailed notice when the owner of record subsequently changes).

With respect to appellant's second claim, respondent introduced unrefuted evidence that it was the deed of trust beneficiary at the time the foreclosure notices were recorded and was therefore entitled to foreclose. Appellant's evidence that respondent subsequently assigned the beneficial interest in the deed of trust to Federal National Mortgage Association (FNMA) does not create a question of fact regarding whether respondent was entitled to foreclose, as appellant acknowledged that respondent was FNMA's loan servicer.[4] *See Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, 133 Nev., Adv. Op. 34, 396 P.3d 754, 756-57 (2017) (observing that loan servicers are contractually authorized to foreclose on behalf of a deed of trust beneficiary); *cf. In re Montierth*, 131 Nev., Adv. Op. 55, 354 P.3d 648, 651 (2015) (recognizing that it is an acceptable practice for a loan servicer to serve as the beneficiary of record for the actual deed of trust beneficiary). Nor does respondent's failure to meaningfully respond to interrogatories regarding the existence of mortgage insurance create a question of fact because appellant has provided no authority, nor are we aware of any, that would render the deed of trust and corresponding promissory note unenforceable simply because a lender had mortgage insurance. *See Wood*, 121 Nev. at 731, 121 P.3d at 1031 ("The substantive law controls which factual disputes are material and will preclude summary judgment; other factual disputes are irrelevant."). Accordingly, the district court properly granted summary judgment on appellant's second claim.

---

[4]Nor does appellant dispute that respondent retained possession of the original note and deed of trust after the beneficial interest had been assigned to FNMA, which respondent's counsel offered to let appellant's counsel inspect.

With respect to appellant's third claim for unjust enrichment, the district court dismissed that claim as legally untenable under the facts alleged in appellant's first amended complaint. Because appellant does not make any substantive argument as to why dismissal of its third claim was improper, there is no basis for us to reverse the district court's decision in that respect.

Appellant additionally challenges the district court's award of attorney fees, contending (1) respondent never filed a motion requesting attorney fees; (2) attorney fees were not authorized by a statute, rule, or agreement; and (3) the district court did not consider the *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 455 P.2d 31 (1969), factors. We conclude that these arguments do not warrant reversal. Appellant's first argument fails to explain why respondent's December 15, 2016, "Memorandum in Support of its Award for Attorney Fees" does not count as a motion requesting attorney fees.[5] Appellant's second argument was not made in district court. *See Old Aztec Mine*, 97 Nev. at 52, 623 P.2d at 983. Finally, although the district court's order awarding attorney fees does not make specific findings regarding each *Brunzell* factor, respondent's Memorandum explained why the requested amount of fees was justified under those factors, and the district court's order stated that it had considered the pleadings and the arguments of counsel in rendering its award. Thus, the necessary implication is that the district court agreed with respondent's explanation. Because appellant has not identified a particular factor that it believes the district court misapplied, we are not persuaded that the

---

[5]Appellant's January 10, 2017, opposition expressly referred to respondent's Memorandum as a "Motion for Attorneys' Fees."

district court's alleged failure to sufficiently consider the *Brunzell* factors warrants reversal. In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Ronald J. Israel, District Judge
Craig A. Hoppe, Settlement Judge
Law Offices of Mont E. Tanner
Sgro & Roger
Akerman LLP/Las Vegas
Eighth District Court Clerk